Koons *v.* Williamson *et al.*

No. 10,634.

KOONS *v.* WILLIAMSON ET AL.

JUSTICE OF THE PEACE.—*Complaint.*—A complaint before a justice of the peace, alleging that the defendants "are indebted to the plaintiff for money had and received at their special instance and request, in the sum of $100, which is due and unpaid," is sufficient.

SAME.—*Misjoinder of Causes.—Dismissal.*—Misjoinder of causes of action before a justice of the peace does not warrant a dismissal of the suit.

SUPREME COURT.—*Appeal.—Final Judgment.*—A judgment of the circuit court, that "the cause of action is dismissed at the costs of the plaintiff," is final, and an appeal may be taken therefrom.

From the Jay Circuit Court.

*D. T. Taylor* and *J. M. Smith,* for appellant.

*J. M. Haynes* and *S. W. Haynes,* for appellees.

MORRIS, C.—This suit was commenced before a justice of the peace. The justice, upon the motion of the appellees, dismissed the action for want of a sufficient complaint, and rendered judgment against the appellant for costs. Koons appealed to the circuit court.

In the circuit court the appellees filed a written motion asking the court to dismiss the action for the reason that no sufficient complaint had been filed before the justice, and because there was a misjoinder of causes of action. The record states that the court sustained the motion to dismiss the action, and then proceeds as follows: "To which ruling of the court the plaintiff excepts, and the cause of action is dismissed at the costs of the plaintiff."

The first paragraph of the complaint is as follows:

"Andrew J. Koons, plaintiff in this suit, complains of the defendants Andrew J. Williamson, Thomas J. Draggoo, Joseph H. Roll, Thomas Lyons, Daniel S. Hopkins, Samuel L. Williams and James H. Williamson, partners doing business in the firm name and style of The Oriental Marriage Dowry Association of Red Key, Indiana, and says that said defendants are indebted to him, the said plaintiff, for money had

and received at their special instance and request, in the sum of one hundred dollars, which is due and unpaid, for which he demands judgment and other proper relief."

We think this paragraph states a good cause of action. The averment that the appellees are indebted to the appellant in the sum of $100 for money received is equivalent to an allegation that it was received by the former for the use of the latter, and this is so obvious that no one could fail to understand it or be misled by it. If it was not so received, then the appellees were not, as averred, indebted to the appellant.

In the case of *Milholland* v. *Pence*, 11 Ind. 203, the complaint was as follows: "William Pence, Dr. to Joseph Milholland, thirty dollars for one gun obtained, by fraud." It was not expressly alleged in this cause of action that the gun belonged to the plaintiff, nor that the defendant had obtained it by fraud; but, as in the case now before us, the facts were as forcibly alleged by necessary implication as if they had been expressly averred. If the appellees deemed the complaint uncertain, they should have asked, not that the action be dismissed, but that the complaint be made more certain. We think the complaint was sufficient. *Alexander* v. *Gaar*, 15 Ind. 89, 91.

The appellant contends that there was no such judgment in the case as can be appealed from. We think otherwise. The judgment of the court, as stated in the record, is in these words: "The cause of action is dismissed at the costs of the plaintiff." The entry of the judgment is not as formal as it might be, but the form of the entry expresses in the fewest words just what the court adjudged and did. The judgment of dismissal, as expressed in the record, is sufficient and valid, and the judgment for costs is in the usual form. The clerk ascertains the amount of the costs. *Palmer* v. *Glover*, 73 Ind. 529.

It is also insisted by the appellees that the second paragraph is founded upon tort, and that there was, therefore, a misjoinder of causes of action. Granting this, it affords no

ground for dismissing the action. The appellees might, perhaps, have properly required the misjoined causes of action to be docketed and tried separately; this they did not ask. We think the court below erred in dismissing the action.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the appellees.