MARY E. TRACY

*v.*

WILLIAM W. BIBLE *et al.*

*Opinion filed October 16, 1899.*

1. APPEALS AND ERRORS—*order to give bond for costs is a final order where suit is dismissed for non-compliance.* An order of the trial court refusing to allow the complainant to prosecute as a poor person and directing her to give a bond for costs, for failure to comply with which order the bill was dismissed, is a final order, which may be assigned for error.

2. COSTS—*when refusal to permit complainant to prosecute as a poor person is not error.* The court's refusal to allow a complainant to prosecute his action as a poor person, under section 5 of the act on costs, (Rev. Stat. 1874, p. 298,) is not an abuse of discretion, where the affidavit merely alleges that the complainant has no property exempt from execution and is unable to give security for costs.

WRIT OF ERROR to the Circuit Court of McDonough county; the Hon. GEO. W. THOMPSON, Judge, presiding.

H. C. AGNEW, for plaintiff in error.

SHERMAN & TUNNICLIFFS, for defendants in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Plaintiff in error brought her bill in the circuit court of McDonough county to contest the will of her father, Josiah Bible, deceased, on the ground of undue influence by defendant in error William W. Bible. He filed an affidavit under section 4 of chapter 33 of the Revised Statutes, upon which he based a motion for a rule against her to give security for costs. The rule being entered requiring her to give a bond or show cause by a day named, she filed her cross-motion under section 5 of the statute, supported by an affidavit, asking to be allowed to prosecute her action as a poor person. The court overruled the cross-motion and ordered her to give a cost bond, and subsequently dismissed her bill for a failure to comply with that order.

The only question upon this writ of error is whether the circuit court committed reversible error in dismissing complainant's bill because she failed to give a bond for costs. We do not agree with counsel for defendants ·in error that that ruling cannot be assigned for error. The order requiring security for costs, refusing to allow her to prosecute as a poor person and dismissing her bill was· a final order in the case. What was said in *Gesford* v. *Critzer,* 2 Gilm..698, *Selby* v. *Hutchinson,* 4 id. 319, and *Papineau* v. *Belgarde,* 81 Ill. 61, (relied upon by defendants in error,) applied to the facts of those cases, announced a correct rule of law; but we do not regard either of those cases as authority for the position that an order of a trial court in relation to the giving of a bond for costs, or permitting a person to prosecute as a poor person, cannot be assigned for error where a failure to comply with that order is made the ground for dismissing the action. By the express terms of the statute, whether a person shall be permitted to prosecute a suit without the payment of costs is a matter of discretion with the court. That discretion, however, is not a mere arbitrary power to grant or withhold the relief, but is a sound legal discretion, and, as in all other cases of like character, an abuse of that discretion is an error which may be corrected on appeal or writ of error. The question, therefore, for our decision must be, did the trial court abuse its discretion, under the facts shown in the affidavit of the complainant, in refusing to allow her to prosecute as a poor person.

The language of section 5 of chapter 33 of the Revised .Statutes, entitled "Costs," is as follows: "If any court shall, before or after the commencement of any suit, be satisfied that the plaintiff is a poor person, and unable to prosecute his suit and pay the costs and expenses thereof, the court may, in its discretion, permit him to commence and prosecute his action as a poor person." The affidavit upon which the cross-motion was based is, "that she is a poor person *and unable to give security for costs,* and

that she has no property exempt from execution; that she is the wife of John S. Tracy, and that said John S. Tracy has no property exempt from execution." The affidavit then states that she has a meritorious cause of action, and avers that she has been unable to procure security for costs. Does this affidavit so clearly show that she was, in the language of the statute, unable to prosecute her suit and pay the costs and expenses thereof that we should say the court abused its discretion in not granting her the benefit of that provision? We think not. A person might have no property exempt from execution and be unable to give security for costs and yet be possessed of the means of prosecuting a suit and fully paying the costs thereof. It was not the intention, by the enactment of section 5, to permit all persons to prosecute suits without the payment of costs who might be poor persons or unable to pay such costs, because it is previously provided in section 4 that such persons may be required to give security for costs. The affidavit of complainant may have been absolutely true, and yet she might have been possessed of money or other means with which she could have paid all the costs and expenses of the litigation. In other words, it does not necessarily follow that because persons are poor, or because they cannot give security for costs, or because they have no property liable to execution, that they are without the means of paying costs and attorney's fees in the prosecution of suits brought by them. While it may be true that enough can be gathered from this affidavit, and from that of the defendants upon which they sought to rule her to give security for costs, to show that she was unable to pay such costs and expenses, yet we are not prepared to hold that her affidavit is such a compliance with the requirements of the statute as that the trial court was unauthorized, in the exercise of its discretion, to enter the order here complained of. Its judgment will accordingly be affirmed.

*Judgment affirmed.*