## ZIEGLER v. FUNKHOUSER ET AL.

[No. 6,436.   Filed October 28, 1908.]

1. PLEADING.—*Complaint.*—*Paragraphs.*—*Questioning·Separately on Appeal.*—The sufficiency of the separate paragraphs of a complaint cannot be questioned for the first time on appeal.  p. 431.

2. APPEAL.—*Judgment.*—*Default.*—*Overruling Motion to Set Aside.* —*Assignments of Errors.*—An assignment, on appeal, that the court erred in overruling the motion to set aside a judgment, rendered upon default, raises the question whether relief against such judgment should be granted.  p. 431.

3. STATUTES.—*Construction.*—*Trial.*—*Merits.*—The purpose of the law is that all suits shall be determined upon the merits; and

statutes designed to insure a fair hearing of causes should be liberally construed. p. 431.

4. JUDGMENT.—*Setting Aside.—Excusable Neglect.—Evidence.*—The only evidence admissible in a suit to set aside a judgment rendered by default is that which shows or fails to show excusable neglect in not defending; and evidence of a meritorious defense, though such defense must be alleged in the motion or petition, is not admissible. p. 431.

5. APPEAL.—*Weighing Evidence.—Setting Aside Judgment.—Excusable Neglect.*—The Appellate Court will not weigh conflicting evidence in a suit to set aside, on the ground of excusable neglect, a judgment rendered by default. p. 432.

6. ACTION.—*Parties.—Right to be Present.*—Parties have a right to be present at the trial of their causes, and to be heard by counsel. p. 432.

7. JUDGMENT.—*Setting Aside.—Excusable Neglect.—Evidence.*—A judgment rendered upon default against a married woman should be set aside, where she was personally served with process and failed on account of sickness and inability to read and understand English, to ascertain and protect her rights, the motion to set aside the judgment being made at the same term at which the judgment was rendered, and as soon as she was able to look after the matter. p. 432.

8. SAME.—*Setting Aside.—Excusable Neglect.—Statutes.—Mandatory.*—It is the imperative duty of the court to set aside a judgment rendered upon default, where excusable neglect is shown. p. 433.

From Superior Court of Vanderburgh County; *Alexander Gilchrist,* Judge.

Petition by Mary Ziegler to set aside a default judgment against her and another and in favor of Albert W. Funkhouser and others. From an order denying same, petitioner appeals. *Reversed.*

*Philip C. Gould* and *C. B. Harris,* for appellant.

*George A. Cunningham* and *Philip W. Frey,* for appellees.

RABB, C. J.—The appellees recovered judgment by default against the appellant and her husband, Jacob Ziegler, in the court below on January 3, 1906. The complaint was in two paragraphs, the first of which averred that on November 9, 1906, the appellant and her codefendant entered into a contract in writing with the appellees, by which appellees

were employed to defend certain litigation pending in the court below against said Jacob Ziegler, and for these "said services done and to be done" appellant agreed to pay appellees $1,000, $500 in cash, and $500 in notes satisfactory to appellees, and judgment for $500 was prayed on this paragraph of the complaint. The second paragraph was based on a promissory note for $500, purporting to have been executed on the same day by appellant and her husband to appellees, payable in thirty days. The action was begun on the 19th day of the following month, and personal service had on appellant on the same day. On February 24, following, and during the same term of court, the appellant appeared and filed a written motion asking to be relieved from said judgment, under the provisions of §405 Burns 1908, §396 R. S. 1881, setting forth in her petition that she resided six miles from the county seat where the court in which the action was pending was held; that she was a married woman, unable to read and write, and that she did not understand the necessity of an appearance, in person or by counsel, to said action; that she was in a far-advanced state of pregnancy, and on that account was unable to appear in court or obtain counsel to appear for her, and that she had a valid defense to plaintiff's action; that she did not sign the contract or notes sued on, and that she never authorized any other person to sign the same for her; that she never employed appellees or either of them to represent her in any litigation, and that they never performed any service whatever for her.

The application to set aside the judgment was heard at the following term of court, when the application was refused. On appeal the errors assigned are: (1) That the first paragraph of the complaint does not state facts sufficient to constitute a cause of action; (2) that the second paragraph of the complaint does not state facts sufficient to constitute a cause of action; (3) that the court erred in overruling appellant's motion to set aside the judgment.

Under repeated decisions, neither the first nor second assignment of error presents any question to this court. *Pittsburgh, etc., R. Co.* v. *Hunt* (1880), 71 Ind. 229; *Smith* v. *Freeman* (1880), 71 Ind. 85; *Higgins* v. *Kendall* (1881), 73 Ind. 522; *McCallister* v. *Mount* (1881), 73 Ind. 559; *Trammel* v. *Chipman* (1881), 74 Ind. 474; *Johnston Glass Co.* v. *Lucas* (1905), 34 Ind. App. 418.

The third error properly presents for review here the action of the court below in overruling appellant's motion to be relieved from the judgment taken against her by default.

It is the policy of the law that all suits in court should be determined on their merits, and that no advantage shall be obtained by one party to the litigation over the other by reason of any mistake, excusable neglect, or casualty that prevents one of the parties from appearing in court to present his claim or defense, and statutes designed to insure parties litigant a full and fair hearing of their causes in court are to be liberally construed to effectuate this policy.

The application to be relieved from the judgment, and the proof offered under it, show, without controversy, that the appellant was an ignorant and inexperienced married woman; that she had no knowledge of business affairs; that she could not read or write, and that she was confined to her house by sickness from the time the suit was begun until the birth of her child, something less than a month after the judgment was rendered; that she promptly, at the same term of court, filed her motion to be relieved from this judgment, setting forth the facts.

Much evidence was heard, upon the application to be relieved from the judgment, on the merits of the defense which she claimed to have to the judgment, all of which was irrelevant and wholly immaterial. In making applications to be relieved from a judgment it is essential that the petition shall show a valid defense to the action, but

the facts averred in the petition, in reference to the defense the party claims to have, are, for the purpose of the application, to be taken as true. Evidence is addressed solely to the question of defendant's right to have the judgment opened up, and goes to her excuse for failing to appear in court at the proper time to make her defense. Upon appeal, in applications of this character, this court will not undertake to weigh and settle disputed questions in the evidence. The same rule applies here, with reference to all matters about which there is a conflict of evidence, that applies in the trial of other causes appealed to this court. If there is any evidence to sustain the finding of the court below the finding will be held conclusive.

It is the right of every party litigant to be present in person in court upon the trial of his own case—the right to be heard by counsel—and every opportunity should be afforded the parties, who are brought into court to answer a charge of any kind, to make their defense.

The evidence upon the hearing shows that this woman was sick at the time she was served with the process, and physically unable to appear in court, that she was physically unable personally to employ counsel, and that she continued in this condition until after the rendition of the judgment. It shows that she was ignorant, and unfamiliar with the rules of procedure in court. It is true that the evidence does disclose that the deputy sheriff who served the process upon her explained that it would be necessary for her to appear in court to defend the case, or judgment would be taken against her by default. It does not appear that he explained to her when it would be necessary for her to appear to make her defense. But, conceding that the evidence shows that she was bound to know that it was her duty to appear at the time named in the summons to answer plaintiff's complaint, we think that the showing made upon the hearing affords a sufficient excuse for such failure to appear. It shows that she was physically unable

to appear, and about that fact there is no dispute. It might be that she could have authorized her husband or some other agent to employ counsel to represent her, but her failure to do so was excusable. She was not bound to trust the matter of the employment of counsel to her husband. He might have been, and from what the record discloses very probably was, an unfit person to trust with any important business transaction. She had the right to time and opportunity in which to employ counsel herself. In fact, she was not bound to employ counsel at all to absolve herself from the charge of negligence. She had the right to appear in court, in person, in her own behalf.

Appellees contend that the granting of appellant's petition to set aside the default was a matter in the discretion of the court, and not subject to review here unless the record discloses that this discretion was abused. This contention cannot be sustained. In applications of this character to set aside a default and be relieved from a judgment taken against a party through his excusable neglect, when a proper case is made by the application and the evidence, the statute is mandatory, and leaves the court no discretion in the matter, and the undisputed evidence in this case required such action at the hands of the court below.

Judgment reversed, with instructions to the court below to sustain appellant's motion to set aside the default and judgment, and to permit appellant to defend the action.