## McGraw v. Nickey et al.

[No. 7,154.  Filed February 16, 1911.]

1.  APPEAL.—*Final Judgment.—Dismissal.*—The sustaining of a motion to dismiss a case constitutes a final judgment and may be appealed from.  p. 160.

2.  APPEAL.—*Final Judgment.—Staying Action for Payment of Costs of Former Suit.*—The sustaining of a motion to stay plaintiff's action until he has paid the costs of a former action which he dismissed, is not a final judgment, and no appeal lies therefrom.  p. 160.

3.  TRIAL.—*Staying Case for Payment of Costs.—Vacating Order.*—Where a motion is sustained to stay proceedings in an action, until the costs of a former action have been paid, the payment of such costs, or the vacation of such order, will permit the plaintiff to proceed.  p. 161.

From Gibson Circuit Court; *O. M. Welborn,* Judge.

Action by Thomas McGraw against Addison B. Nickey and others.  From the order made, plaintiff appeals.  *Appeal dismissed.*

*R. W. Armstrong, W. E. Cox, M. W. Fields* and *G. V. Menzies,* for appellant.

*Henry Kister, C. L. Wedding* and *Robinson & Stillwell,* for appellee.

LAIRY, J.—Appellant brought an action against appellees in the Gibson Circuit Court to recover damages for personal injuries.  The complaint was filed on February 8, 1908.  On February 19 of the same year defendants filed a motion in the Gibson Circuit Court to stay the proceedings of the plaintiff until the costs of a former action brought by plaintiff against defendants were paid.  The motion was verified, and stated that sometime in the year 1907 plaintiff brought an action against defendants in the Posey Circuit Court, and that after a jury had been impaneled and the case partially tried plaintiff volunatrily dismissed his case, and that the costs of the proceedings in that court, including the cost of

a struck jury, were taxed to plaintiff; that the case brought in the Posey Circuit Court, and dismissed as aforesaid, was between the same parties and was for the same cause of action set up in plaintiff's complaint, and that said costs had not been paid. Plaintiff made no showing to the court as to why said motion should not be sustained, and the court sustained the motion and ordered that the proceedings in this case be stayed until the costs in the preceding action were paid. After this order was made plaintiff offered to file a petition in the Gibson Circuit Court to be permitted to prosecute his action as a poor person. The court refused to allow him to file such petition, after which he offered to file an affidavit for a change of venue from the judge of the Gibson Circuit Court. The Court refused to allow him to file this affidavit. He excepted to the rulings of the court in refusing to allow him to file the affidavit for a change of judge and to prosecute his action as a poor person. Bills of exceptions were filed, by which these rulings were properly brought into the record. Defendants filed a motion in the court below to dismiss the case, but so far as the record discloses, their motion was not ruled upon, and the cause is still pending in the Gibson Circuit Court. Plaintiff prayed an appeal, and has filed a transcript in this court disclosing the matters heretofore recited. Defendants file a motion to dismiss the appeal, upon the ground that no judgment was rendered by the Gibson Circuit Court from which an appeal lies.

1. If the motion to dismiss had been sustained by the trial court, this would have terminated the proceedings in that court, and an appeal could have been taken from the order dismissing the case.

2. So long as the case is pending in the court below an appeal cannot be taken to this court as from a final judgment. *Trogdon* v. *Brinegar* (1901), 26 Ind. App. 441; *Withers* v. *Haines* (1846), 2 Pa. St. 435; *Boor* v. *Wilson* (1878), 48 Md. 305; *Clark* v. *Bay Circuit Judge*

(1908), 154 Mich. 483, 117 N. W. 1051; *Tracy* v. *Bible* (1899), 181 Ill. 331, 54 N. E. 960.

> Appellant may at any time, upon payment of costs, proceed with his case in the lower court; or, in the event
> 3. that the order of the trial court should be set aside for any reason, he could so proceed.

The case is not properly in this court, and, therefore, we cannot review the action of the trial court upon the question sought to be presented. Appeal dismissed.