## DENNIS v. SCANLON.

[No. 9,483. Filed January 18, 1918.]

1. APPEAL.—*Review.—Evidence.—Weight and Sufficiency.*—The court on appeal will not weigh conflicting evidence, and if there is any evidence to support the finding below, the finding will be conclusive. p. 457.

2. APPEAL.—*Review.—Evidence.—Opening Default.*—In a proceeding under §405 Burns 1914, §396 R. S. 1881, to set aside a default judgment, where the affidavit for opening the default alleged that plaintiff and his attorney agreed that the case would not be tried on the day set for trial, and plaintiff's attorney made affidavit to substantially the same effect, plaintiff's counter affidavit that he had no conversation with defendant's attorney and had no agreement with him to continue the case did not raise such a conflict in the evidence as to make the trial court's finding conclusive. p. 457.

3. JUDGMENT.—*Default Judgment.—Setting Aside.*—Courts should be liberal in setting aside defaults at the term at which they are entered where justice will be promoted thereby, and the motion shows that the defaulted party has a good defense, and the failure to defend was not due to any neglect on the part of the defaulted party and his attorneys, but to a misunderstanding brought about by the acts and conduct of opposing counsel. p. 457.

4. JUDGMENT.—*Default Judgment.—Setting Aside.—Grounds.*—Where it appeared, from an application filed under §405 Burns 1914, §396 R. S. 1881, to set aside a default judgment, that plaintiff was engaged in the trial of a criminal case which immediately preceded his own case on the trial calendar, and he and his attorney informed defendant's attorney that their case could not be reached and would be continued, as the criminal trial would consume the entire day, but the criminal trial was unexpectedly shortened because plaintiff introduced no evidence for the defense, the default then entered without any attempt to notify defendant or his attorneys, who were located just across the street with two telephones in their office, should be set aside, the application showing that defendant had a good and meritorious defense to the action. p. 458.

From St. Joseph Superior Court; *George Ford,* Judge.

Action by Barry Scanlon against Fred L. Dennis. From the judgment rendered, the defendant appeals. *Reversed.*

*Graham & Crane,* for appellant.

*John W. Kitch* and *Barry Scanlon,* for appellee.

IBACH, C. J.—This was an application filed under §405 Burns 1914, §396 R. S. 1881, to set aside a default judgment rendered at the same term of court. The motion was denied.

The motion and affidavits in support thereof are lengthy and it would serve no useful purpose to set them out in full. It appears therefrom, in substance, that appellee brought an action against appellant before a justice of the peace for the value of services which appellee alleges appellant assumed and agreed to pay. From a judgment there rendered in favor of appellant an appeal was taken to the Superior Court, and the case was set for trial as the third case for Monday, October 11, 1915. One of the attorneys for appellant was present in court at the opening on the morning of the 11th, and through inquiry of attorneys interested learned that one of the cases would be dismissed, and that the trial of the second, a criminal case, would take all day and probably a part of the following day. Appellant's attorney also consulted appellee, who was one of the attorneys in the criminal case, and was informed by him that that case would take all day and that it would place him (appellee) in a bad fix as his attorney in this case, John W. Kitch, wanted to leave town the following morning. Appellant's attorney thereupon consulted Mr. Kitch, who also informed him that the criminal case would probably take all day and that he (Kitch) had made arrangements to leave the city the following morning, in which event he would not be able to try this case. Both appellee and his attorney were informed that appellant would accommodate them

and would not force them to trial under such circumstances. The criminal case was called and proceeded to trial. Appellant's attorney visited the courtroom several times in the forenoon to ascertain if this case would be reached, and again at 1:30 and 2:30 p. m. Upon each of said visits he was informed by the deputy prosecuting attorney, and all appearances indicated, that the criminal case would consume the whole day. After the state had rested its case the defense failed to introduce any evidence, but rested their case, which unexpectedly shortened the trial. The criminal case went to the jury between 3 and 3:30 o'clock and it immediately returned a verdict. Thereupon this case was immediately called for trial and appellant was defaulted and judgment taken against him. Appellee, plaintiff in this case, was the defendant's attorney in the criminal case being tried and was in court when the jury returned its verdict and when this case was called for trial. Appellant's attorneys were ready for trial all day on October 11, and were present in their offices, just across the street from the courthouse where the court was in session, and had two telephones in the office, but received no notice of the calling of this case. Through the conversations had in the morning with appellee and his attorney, appellant's attorney was led to believe that this case would not be reached on October 11 in time to be completed on that day, and that they would not care to start the trial unless it could be finished, and he concluded, when he ascertained at 2:30 o'clock that the criminal case was still on trial, that this case would not be reached and that it would be postponed in accordance with the conversations and desires of appellee and his attorney.

The motion further shows that appellant has a good and meritorious defense to this action, to wit, that he denies that the services of Scanlon were ever rendered for him or for his benefit, and denies that he ever assumed or agreed to pay for said services, and further that appellee seeks to charge him with an agreement to pay the debt of another, and that said agreement is not in writing, and consequently void under the statute of frauds. The motion was verified and was supported by the separate affidavits of appellant's counsel and by the affidavit of appellee's attorney, Mr. Kitch. It appears from the latter affidavit that he (Kitch) had a conversation with appellant's attorney substantially as stated in the motion, and further shows that Kitch was of the opinion that this case could not have been completed on the day commenced if it had been contested before a jury; that he told appellant's attorney on the morning of the 11th that if the cause could not be tried on October 11, he wanted it continued, because he had made arrangements to go out of town on the 12th, and that "if a settlement could not be had and the cause could not be tried on the 11th that it would be satisfactory to continue the same."

Appellee filed his counter affidavit, which in so far as material here reads: "Affiant further says that he had no conversation whatever on October 11th, 1915, with Mr. Crane with reference to how long the Hackney case then on trial would take * * * ; that he had no agreement of any kind with said Crane to continue the same, but that he has been ready at all times to try said cause and was ready when said cause was called for trial."

While recognizing the rules insisted upon by appellee, that this court will not weigh conflicting evidence,

1. and, if there is any evidence to support the finding of the court below, the finding will be conclusive (*Ziegler* v. *Funkhouser* [1908], 42 Ind. App. 428, 85 N. E. 984), we are of the opinion that such rules have no application to

2. this case. Appellee by his counter affidavit denies two propositions: (1) That he had a conversation with appellant's attorney on October 11 as to how long the case then on trial would take; and (2) that he had any agreement of any kind with appellant's attorney to continue the case, or that he was not ready at all times to try said cause.

In view of the affidavit made by Mr. Kitch and the undisputed fact that he was appellee's attorney in this case when he talked with appellant's attorney about the case, the matters denied by appellee were not material and do not raise any real conflict in the evidence.

The question then is, Was the showing here made sufficient to entitle appellant to the benefit of the statute? *Decker* v. *Graves* (1893), 10 Ind. App. 25, 37 N. E. 550; *Ziegler* v. *Funkhouser, supra.*

3. Courts should be liberal in setting aside defaults at the term at which they are entered where it appears that justice will be promoted thereby, and where it appears from the motion that the defaulted party has a good defense, and it is made to appear from affidavits filed therewith that the failure to defend was not due to any neglect on the part of the defaulted party or his attorneys, but was due to a misunderstanding brought about by the acts and conduct of opposing counsel. *Beatty* v. *O'Connor* (1886), 106 Ind. 81, 5 N. E. 880; *McGaughey* v. *Woods* (1883), 92 Ind. 296.

Appellant's attorneys in this case were ready for

trial and had   shown diligence to find out when the
case would be called.   They were led to believe
4.   from the conversation and conduct of appel-
lee's attorney that, if the case could not be
reached on the 11th in time to complete it on that
day, the case would not be tried or commenced on
that day.   When these facts are taken in connection
with the fact that appellee was attorney for the
defendant in the criminal case, and therefore had
charge, in a measure, of the time to be consumed by
the defense in that case, and that the defense offered
no evidence at all, and that this case was immediately
called and judgment by default taken without any
effort or attempt to notify appellant or his attorneys
who were just across the street with two telephones
in their office, we are led to conclude that the over-
ruling of such motion was error, for which appellant
is entitled to a reversal.

Judgment reversed.

NOTE.—Reported in 118 N. E. 370. See under (3, 4) 23 Cyc 912,
942, 962. Statutes authorizing vacation and setting aside of default
judgments, 58 Am. Dec. 392.