INDIANA TRAVELERS' ACCIDENT ASSOCIATION *v.* DOHERTY.

[No. 9,650.   Filed May 15, 1919.]

1. APPEAL.—*Decisions Reviewable.—Dismissal of Cause.*—An order of court dismissing a cause is a final judgment from which an appeal may be taken.  p. 216.

2. APPEAL.—*Decisions Reviewable.—Dismissal of Application to Set Aside Default Judgment.—Final Judgment.*—An order that an application and motion filed under §405 Burns 1914, §396 R. S. 1881, "be, and the same is now and hereby dismissed," put an end to the controversy between the parties as far as could be done by the trial court, and was a final judgment from which an appeal lies.  p. 217.

3. JUDGMENT.—*Default.—Setting Aside. — Statute. — Liberal Construction.*—Section 405 Burns 1914, §396 R. S. 1881, relative to setting aside judgments taken through defendant's mistake, inadvertence, surprise, or excusable neglect, is remedial, and must be liberally construed and applied.  p. 217.

4. JUDGMENT.—*Default.—Setting Aside.—Statute.—Duty of Court.* —Under §405 Burns 1914, §396 R. S. 1881, it is the imperative duty of the court to set aside a default and permit a trial upon the merits, when it appears from the uncontradicted facts of the application for relief that the defaulted party has a meritorious defense, and that his failure to appear and defend was due to his excusable neglect. · p. 218.

5. JUDGMENT.—*Default.—Setting Aside.—Pleading.*—Even if it was necessary that a proceeding under §405 Burns 1914, §396 R. S. 1881, for relief from a default should be instituted by complaint

or petition, where commenced after term, defendant's motion to set aside a default, supported by affidavits, filed after term, to which application plaintiff appeared after due notice, will be treated.as a complaint or petition. p. 218.

6.  JUDGMENT.—*Default.—Setting Aside.—Application.—Sufficiency.* —In a proceeding under §405 Burns 1914, §396 R. S. 1881, to set aside a default judgment rendered in an action on an accident insurance policy, uncontradicted facts set forth in defendant's application for relief *held* to show a meritorious defense, and that failure to appear and defend was due to defendant's excusable neglect within the terms of the statute. pp. 219, 221.

7.  JUDGMENT.—*Default.—Setting Aside.—Excusable Neglect.*—What constitutes excusable neglect within the meaning of §405 Burns 1914, §396 R. S. 1881, providing that a party may be relieved from a judgment taken against him through excusable neglect, is to be determined from the particular facts of each case, and, where there is any doubt as to the sufficiency of the showing of excusable neglect and inadvertence, the doubt should be resolved in favor of the application. p. 221.

From Vigo Superior Court; *Fred W. Beal,* Judge.

Action by Mary L. Doherty against the Indiana Travelers' Accident Association. Default judgment for plaintiff, and from an order dismissing defendant's motion to set aside the default, the defendant appeals. *Reversed.*

*William S. McMaster* and *Stevenson & Stevenson,* for appellant.

*Stimson, Stimson, Hamill & Davis,* for appellee.

REMY, J.—As the beneficiary named in an insurance policy issued by appellant association, appellee recovered a judgment against appellant for $5,000 for the alleged accidental death of the insured, who was her husband. The judgment was rendered by default. At a subsequent term of court appellant filed its motion, supported by affidavits of its secretary and its attorney, for relief from said judgment, which motion was based upon the claim that the judgment

was taken through appellant's mistake, inadvertence, surprise and excusable neglect. In opposition to appellant's said motion for relief, appellee filed the counter affidavit of one of its attorneys. Subsequently to the filing by appellee of the counter affidavit, and before the court passed upon appellant's application for relief from the judgment, appellee filed her motion to dismiss said application, which motion was sustained by the trial court on November 18, 1915, and entry of the action of the court was made by the clerk of the court. On December 28, 1915, the cause was formally dismissed, the court's order of dismissal being as follows: "Come again the parties and the court having heretofore sustained plaintiff's motion to dismiss defendant's application and motion to set aside the default and judgment heretofore rendered in this cause, it is now therefore ordered by the court that the said application and motion of defendant Indiana Travelers' Accident Association, to set aside the default and judgment heretofore rendered in this cause on December 18, 1914, be, and the same is now and hereby dismissed, to which order of the court of dismissal the defendant Indiana Travelers' Accident Association, at the time objects and excepts."

From this order appellant has appealed to this court. Appellee has moved to dismiss this appeal on the ground that the entry from which the appeal was taken is not a final judgment from which, under the statute, an appeal will lie.

It is well settled that an order of the court dismissing a cause is a final judgment from which an appeal may be taken. *Koons* v. *Williamson* (1883),

1.    90 Ind. 599; *McGraw* v. *Nickey* (1911), 47 Ind. App. 159, 93 N. E. 1003. A final judgment has

been defined as "one which determines the rights of the parties in the suit, or a distinct and definite branch of it, and reserves no further question or direction for future determination." Ewbank's Manual (2d ed.) §82. The test is that it puts an end to the particular case, or branch of it, as to all the parties and all the issues. While the entry of the court in the case at

2. bar does not formally state, that the dismissal is "ordered, adjudged and decreed" by the court, nevertheless the court by the entry specifically orders that appellant's application and motion to set aside the default and judgment "be and the same is now hereby dismissed." This put an end to the controversy between the parties so far as the court could end it, and was a final judgment. *Koons v. Williamson, supra.* Appellee's motion to dismiss the appeal is overruled.

Appellant's application to set aside the default was prepared and filed in accordance with the provisions of §135 of the Code of Civil Procedure of this state (§405 Burns 1914, §396 R. S. 1881), which provides: "The court may also, in its discretion, allow a party to file his pleadings after the time limited therefor; and shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise, or excusable neglect, and supply an omission in any procedings, on complaint or motion filed within two years."

This statute is remedial in its character, and must be liberally construed and applied, to the end that no

3. advantage shall be obtained by one party to the litigation by reason of any mistake, inadvertence, or excusable neglect of the other

218   APPELLATE COURT OF INDIANA,

Indiana Travelers', etc., Assn. v. Doherty—70 Ind. App. 214.

party. *Dennis* v. *Scanlon* (1918), 66 Ind. App. 453, 118 N. E. 370, and cases cited. Under this statute it is the imperative duty of the court to set aside the default, and permit a trial upon the merits, when it appears from the uncontradicted facts of the application for relief that the defaulted party has a meritorious defense, and that his failure to appear and defend was due to his excusable neglect. *Bush* v. *Bush* (1874), 46 Ind. 70; *Wellinger* v. *Wellinger* (1906), 39 Ind. App. 60, 79 N. E. 214. Appellant asserts that the undisputed facts set forth in its application were such that it was not within the court's discretion to deny it the relief asked, and that the dismissal of its application and motion was reversible error. On the other hand, appellee contends that her motion to dismiss the application for relief from the judgment was properly sustained.

It is especially urged by appellee that, inasmuch as appellant's application for relief was filed at a time subsequent to the term of court when the default and judgment were taken, such application should have been by formal complaint and not by motion, citing *Brumbaugh* v. *Stockman* (1882), 83 Ind. 583. It appears from the record that appellant at a subsequent term appeared in the court where the default had been taken, and, having moved that the original cause be redocketed, filed its proceeding for relief, giving notice to appellee, who appeared and filed a counter affidavit, and later the motion to dismiss. The statute specifically provides that the application may be ''by complaint or motion filed within two years.'' It is admitted that the proceeding was begun within the period fixed by the statute. The Brumbaugh case, *supra,* was a case very

similar to the case at bar, and, while the Supreme
Court in that case stated that, if the proceeding was
commenced at a term of court after the judgment was
rendered, the proper practice was by complaint or
petition, nevertheless the court held that the applica-
tion was sufficient, and so held on the ground that it
amounted to a petition supported by affidavit to which
there was an appearance after notice. So in the in-
stant case, if it could be said that the law required the
proceeding to be instituted by complaint or petition,
then, under the holding of the Brumbaugh case, ap-
pellant's application to which appellee appeared after
due notice must be treated as such a pleading. See,
also, *Lake* v. *Jones* (1874), 49 Ind. 297.

The remaining question for our consideration is:
Do the uncontradicted facts pleaded in appellant's
application for relief from the default and
6. judgment show that appellant has a meritori-
ous defense, and that its failure to appear and
defend was due to his excusable neglect? The mate-
rial facts set forth in the application, and which are
not contradicted by appellee's counter affidavit, are
as follows: The original action was commenced Oc-
tober 29, 1914, in the Superior Court of Vigo county,
Indiana, and summons was on said day issued and
directed to the sheriff of Marion county in said state,
commanding such sheriff to summon appellant to ap-
pear November 10, 1914, and answer appellee's com-
plaint. The service was by copy left at appellant's
offices, but instead of summons to appear in the Vigo
Superior Court, it was erroneously copied, directing
appellant to appear in the Vigo Circuit Court. Upon
investigation appellant through its attorney learned
that the cause was not pending in the Vigo Circuit

Court, but was pending in the superior court of that county, and notified the clerk of the Vigo Superior Court, and also appellee's attorney, of the mistake in the summons. Whereupon said attorneys caused a second summons to issue, which, when served by said sheriff of Marion county, showed the same mistake to have been made. The sheriff had by mistake left a copy of summons which commanded appellant to appear in the Vigo Circuit Court, but made return showing service of appellant to appear in the superior court of that county. Thereupon appellant's attorney, who resided in Indianapolis, not knowing that a mistake had been made in the second summons, but believing the cause might have been refiled in the Vigo Circuit Court, immediately called the clerk of said court by long distance telephone, advising said clerk of the character of the last summons; and in response said clerk stated that doubtless a mistake had been made in his office, he being the clerk of both of the said courts of said Vigo county. Appellant's attorney also wrote two letters to appellee's attorneys, advising them that appellant's summons was to appear in the Vigo Circuit Court, and in the last letter asked if the action had been refiled in that court. Appellee's attorneys, on December 17, 1914, replied that the cause had not been refiled in the circuit court, and on the following day took the default judgment in the Vigo Superior Court, knowing at the time that appellant had not been summoned to appear in that court, and knowing that appellee was at the time relying upon the integrity of the sheriff's certificate that the instrument served was the true and correct copy of the original writ as it came into his hands. Appellant's application for relief further shows that

appellant had meritorious defenses to appellee's complaint in that the policy sued on indemnified only against disability or death sustained through accidental means, and that the insured named in the policy came to his death by suicide, and that no notice or proof of death of the insured had been made to appellant in accordance with the terms of the policy. That appellant's application for relief shows a meritorious defense is not controverted. What is excusable neglect within the meaning of the statute is to be determined from the particular facts of each case (*First Nat. Bank* v. *Stilwell* [1912], 50 Ind. App. 226, 98 N. E. 151), and, where there is any doubt as to the sufficiency of the showing of excusable neglect and inadvertence, the doubt should be resolved in favor of the application. *Masten* v. *Indiana Car, etc., Co.* (1900), 25 Ind. App. 175, 57 N. E. 148. The uncontradicted facts show that appellant was never summoned to appear in the court where the cause was pending, and that appellee's attorneys knew that fact when the default was taken and judgment rendered. We conclude that the trial court erred in dismissing appellant's application for relief from the judgment, and that justice requires that the default and judgment be set aside, and appellant be permitted to be heard.

Judgment reversed, with instructions to set aside said default and judgment, to permit appellant to answer the complaint in the original action, and for further proceedings therein.