## WAGONER v. WAGONER (ANACHER)

[No. 869A155. Filed November 19, 1970.]

*Howard J. DeTrude, Jr., Kightlinger, Young, Gray & Hudson,* of counsel, of Indianapolis, *Jack A. Slagle, Myers, Slagle & Shirey,* of counsel, of Muncie, for appellant.

*Frank E. Gilkison, Jr., White, Haymond, Pierce, Beasley & Gilkison,* of counsel, of Muncie, for appellee.

PER CURIAM.—This is an action brought by plaintiff-appellant, Robert Eugene Wagoner, against defendant-appellee, Mary J. Wagoner (Anacher), to set aside a default judgment rendered for appellee in a prior suit between the parties.

On March 9, 1966, Mary J. Wagoner filed a complaint against Robert Eugene Wagoner for separation from bed and board. She later amended her complaint to pray for an absolute divorce and to have the court adjudge the property rights of the parties. While this action was pending appellant appeared before the court and was ordered to make support payments for the parties' three children. At the time the divorce action was filed, the appellant and appellee were separated. In July 1966, appellant returned and lived with appellee for approximately two to three weeks. Appellant then left the State of Indiana and established a residence in Colorado. On November 7, 1966, Mary J. Wagoner obtained a default judgment against appellant and her divorce was granted.

Appellant returned to Indiana in July 1967, and filed the present action to set aside the default judgment on the grounds that it was rendered through appellant's mistake, inadvertence, and excusable neglect, and that appellant had a valid and meritorious defense to the divorce action brought by Mary J. Wagoner.

Appellee filed a motion for summary judgment and an affidavit in support thereof. The trial court sustained appellee's motion and entered judgment accordingly.

The appellant now appeals to this court and assigns as error that the decision and judgment of the trial court was based on insufficient evidence and is contrary to law, and that the trial court erred in sustaining appellee's motion for summary judgment.

Appellant first alleges that his complaint states a cause of action to set aside the default judgment and that having

pleaded a prima facie case, the court erred in granting summary judgment.

In the case of *Pan American World A., Inc.* v. *Local Readers Serv.* (1968), 143 Ind. App. 370, 240 N. E. 2d 552, 555, our court stated:

> "We would point out that the purpose of a motion for summary judgment is not to test the sufficiency of the pleadings, this is done by demurrer. The function of the material filed in support of a motion for summary judgment, is not to constitute 'background' as appellant asserts, but it enables the court, by piercing the pleadings, to establish the existence, or conversely, the non-existence of a genuine issue of fact. Christianson et al. v. Gaines (1949), 85 U.S. App. D.C. 15, 174 F. 2d 534; Carter v. Williams (1966), 7th Cir., 361 F. 2d 189; Albert Dickinson Co. v. Mellos Peanut Co. of Illinois (1950), 7th Cir., 179 F. 2d 265." See also: *Babchuk* v. *Heinold Elevator Company* (1969), 144 Ind. App. 328, 246 N. E. 2d 211.

The sufficiency of the appellant's pleading was not the issue before the trial court in deciding the motion for summary judgment and thus we can find no error based on that question.

The appellant next contends that the trial court erred in failing to specify the grounds on which it sustained appellee's motion for summary judgment. Appellant cites as authority the case of *Harris* v. *Young Women's Christian Assn. of Terre Haute* (1968), 250 Ind. 491, 237 N. E. 2d 242. The trial court in the instant case made a nunc pro tunc entry setting out the particular reasons for granting the summary judgment. The judgment now complies with *Harris, supra,* and thus we find no reversible error. *Miller* v. *Muir* (1945), 115 Ind. App. 335, 56 N. E. 2d 496 (Transfer denied); *Indianapolis Life Ins. Co.* v. *Lundquist* (1944), 222 Ind. 359, 53 N. E. 2d 338; *Harbaugh* v. *State* (1955), 234 Ind. 420, 126 N. E. 2d 576.

Appellant further alleges that the trial court erred in sustaining appellee's motion for summary judgment in that

there was a genuine issue of material fact. It is argued by appellant that a question of fact existed as to whether he was led to believe that the appellee had dismissed her divorce action and that such belief constituted mistake, inadvertence, or excusable neglect.

The pertinent part of our summary judgment statute, Acts 1965, ch. 90, § 1, p. 126, Burns' Ind. Stat. Anno., § 2-2524 (1968 Repl.),[1] reads as follows:

"(c)   *  *  * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is *no genuine issue* as to any material fact and that the moving party is *entitled to a judgment as a matter of law.* * * * .

*  *  *

"(e)   *  *  * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations * * * of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." (Emphasis supplied)

In *Wozniczka* v. *McKean* (1969), 144 Ind. App. 471, 247 N. E. 2d 215 (Transfer denied), this court set out basic and fundamental underlying considerations which must be considered in determining whether a summary judgment should be granted. The court stated at pages 229, 230 and 231 of 247 N. E. 2d as follows:

"If there is a question as to the state of mind, credibility of witnesses or weight of testimony, summary judgment should be denied. See Alabama Great Southern Railroad Co. v. Louisville and Nashville Railroad, 224 F. 2d 1 (5th Cir. 1955) ; Subin v. Goldsmith, 224 F. 2d 753 (2d Cir. 1955) ; Alvado v. General Motors Corp.,

1. Repealed by Acts 1969, ch. 191, § 3, effective January 1, 1970, and replaced by Indiana Rules of Trial Procedure, TR. 56(C) (E).

229 F. 2d 408 (2d Cir. 1956) ; and Barron & Holtzoff, Vol. 3, § 1234, at page 134.

\* \* \*

"On a motion for summary judgment with no opportunity to evaluate demeanor of witnesses it is not the function of the court to determine whether the affiant is telling the truth or that he seems persuasive. American Manufacturers Mutual Ins. Co. v. American Broadcasting-Paramount Theatres, Inc., 388 F. 2d 272 (2d Cir. 1967). A case is not one to be decided on summary judgment where, though the basic facts are not disputed, parties in good faith may nevertheless disagree about inferences to be drawn from the facts. See Hart v. Johnston, 389 F. 2d 239 (6th Cir. 1968). See also, Massengale v. Transitron Electronic Corp., 385 F. 2d 83 (1st Cir. 1967) ; Williams v. Pacific Maritime Association, 384 F. 2d 935 (9th Cir. 1967) ; and Moran v. Bench, 353 F. 2d 193 (1st Cir. 1965).

"Even if it may be surmised that the adverse party is unlikely to prevail at trial this is not sufficient to authorize summary judgment. Courts cannot or should not withhold summary judgment merely because it would save time or expense. See American Broadcasting-Paramount Theatres, Inc., supra. See also, Van Horn v. Gulf Atlantic Towing Corp., 388 F. 2d 636 (4th Cir. 1968).

"Pleadings must be construed liberally in favor of the party opposing summary judgment. See Smoot v. Chicago R.I. & P. Railroad Co., 378 F. 2d 879 (10th Cir. 1967) and Duarte v. Bank of Hawaii, 287 F. 2d 51 (9th Cir. 1961).

"The requirement that summary judgment be granted only if there is no genuine dispute as to any material fact is to be strictly construed so as to insure that factual issues will not be determined without benefit of the truth seeking procedures of a trial. Jackson Tool & Die, Inc. v. Smith, 339 F. 2d 88 (5th Cir. 1964). The party seeking summary judgment has the burden of demonstrating *clearly* the absence of any genuine issue of fact. See Associated Hardware Supply Co. v. Big Wheel Distributing Co., 355 F. 2d 114 (3rd Cir. 1965). Where the court is in doubt as to whether genuine issues of material fact exists, it has discretion to postpone consideration of a motion for summary judgment until after a hearing on the merits. See Williams v. Howard Johnson's, Inc. of Washington, 323 F. 2d 102 (4th Cir. 1963)." See also: *Doe* v. *Barnett* (1969), 144 Ind. App. 689, 251 N. E. 2d 688; *Security*

*Credit Acceptance Corporation* v. *State* (1969), 144 Ind. App. 558, 247 N. E. 2d 825 (Transfer denied); *Mayhew* v. *Deister* (1969), 144 Ind. App. 111, 244 N. E. 2d 448 (Transfer denied); *Papp* v. *City of Hammond* (1967), 248 Ind. 637, 230 N. E. 2d 326.

The appellee moved the trial court for a summary judgment in her favor and submitted her deposition in support thereof. In that deposition she testified under oath that she had not represented to appellant (as his complaint alleged) that she had dismissed, or that she intended to dismiss, the divorce action.

Appellant's response was his deposition. It failed to "set forth specific facts showing that there is a genuine issue for trial" with respect to that allegation of his complaint. He testified to no word or deed of appellee which he understood to be such representation or which reasonably could have been so understood.

Appellant argues that because his deposition shows "that he understood, following discussions with the Defendant, that the divorce action had been or would be dismissed", there existed a genuine issue of fact as to whether his failure to defend the divorce action was excusable neglect. Appellant has not, however, shown that such a misunderstanding is excusable unless it has been brought about by the statements, acts or conduct of the opposing party or counsel. See *Dennis* v. *Scanlon* (1917), 66 Ind. App. 453, 457, 118 N. E. 370, on which appellant relies.

To hold that a purely subjective understanding, with no showing of any objective reason for entertaining it, can constitute excusable neglect, would leave the courts with no workable rule for determining when neglect to defend an action is excusable.

Representation of dismissal, or intent to dismiss, is a fact material to appellant's case, a fact as to which there is no genuine issue. There is no evidence, direct or inferential, of

such representation. Absent this fact, appellee was entitled to judgment as a matter of law.

For the reasons stated herein, the judgment of the trial court should be affirmed.

Judgment affirmed.

NOTE.—Reported in 263 N. E. 2d 657.