**Bachman v. Bern Twp. Zoning Hearing Bd.**

*Adam B. Krafczek,* for appellant.
*Scott L. Huyett,* for appellee.
*Stephen G. Welz,* for intervenor, Bern Township.

ESHELMAN, W.R., *J.,* June 25, 1982 — This is an appeal by Otto Bachman (appellant) from the decision of the Zoning Hearing Board of Bern Township, Berks County, Pa., denying the relocation of a nonconforming use from one portion of a tract of land to another portion of the tract.

Subsequent to a hearing held February 22, 1980, the board issued written findings of fact and conclusions of law in addition to its formal decisions. The board found, inter alia, the following facts:

On September 13, 1951, appellant purchased approximately 40 acres of land in Bern Township. At that time there were eight bungalows, a frame farm building and two sheds located on a portion of the tract, as well as two miles of dirt road connecting the buildings with the outside world. Appellant added a bungalow to the portion of tract in 1953 and another in 1954 and put in three more miles of dirt road. The bungalows were rented to tenants on ei-

ther a permanent or part time basis, and some were used as summer residences. Appellant resided in the frame farm building.

Appellant testified that he intended to eventually develop the entire tract for residential purposes. However, he did not add any bungalows to the property after 1954 although he did continually make substantial improvements to the existing bungalows up to the year 1973. These improvements included the installation of water piping, electric lines, and holes for sewage drainage.

On November 12, 1973, the Board of Supervisors of Bern Township enacted a zoning ordinance pursuant to a comprehensive plan. The area containing appellant's property was designated as an "Institutional/Recreational" (IR) District, which, under Section 1301 of the ordinance, limits the use of buildings to certain specified purposes, thereby prohibiting their use for other purposes, such as single family residences. However, the ordinance also provided, in Section 2000, that a lawful use already existing at the effective date of the ordinance may continue in its existing condition, even though such use may not conform to the restrictions contained in the ordinance. The ordinance therefore allowed appellant to continue his use of the frame farm building and bungalows as single family residences even though the use was non-conforming because the use predated the ordinance.

On March 14, 1976, appellant conveyed to the United States government by deed in lieu of condemnation 31.7 acres of the 40 acre tract, including the approximate two acres on which all the buildings and roads were located. As part of this agreement, appellant obtained the salvage rights to the buildings and moved the bungalows onto the remaining portion of the tract, an area of almost eight

acres. The bungalows have since been rented and occupied and the remaining portion of tract has been used in a manner similar to the non-conforming use made on the land conveyed to the United States Government.

In June of 1978, appellant was notified by the Building Inspector and Zoning Officer of Bern Township that his use of the eight acre tract was in violation of the township's zoning ordinance. Appellant then applied for a zoning permit which was denied. Subsequently, he filed an appeal to the township zoning hearing board, which dismissed his appeal on the grounds that the nonconforming use which predated the ordinance, was "destroyed" by the deed of convenience in lieu of condemnation and could not be transferred to another portion of the land not previously devoted to a non-conforming use. This appeal followed.

Our scope of review is clear. Where no new testimony is taken by the court, as in this case, the court's review is limited to a determination of whether the board committed a manifest abuse of discretion or error of law. Upper Leacock Township Supervisors v. Zoning Hearing Board of Upper Leacock Township, 481 Pa. 479, 393 A.2d 5 (1978).

The pivotal issue, as framed by the board is whether the actions of appellant should be treated as a transfer of a non-conforming use or, as appellant suggests, an expansion of an existing non-conforming use. The board, in deeming the acts a transfer and dismissing the appeal, cited the case of Chizum v. Elkhart County Planning Commission, 147 Ind. App. 696, 263 NE. 2d 654 (1970). In that case, the court prohibited the transfer of a non-conforming cattle feeding operation to a different portion of the owner's property within the same residential use district on the grounds that the use was

legal and non-conforming only on the portion of land where it was established prior to the adoption of the zoning ordinance.

Appellant contends, however, that Chizum is inapplicable in that appellant's transfer of the single residential bungalow use was an implementation of his intent to expand the non-conforming use previously established. He maintains that his intention throughout his ownership of the tract was to expand his operation to cover the entire tract. In support of this contention, he points to the initial addition of two bungalows in 1953 and 1954 as well as the improvements made to the existing bungalows and the construction of the dirt thoroughfares.

It is generally true that a non-conforming use includes the right of natural expansion so long as that expansion is reasonable and not detrimental to the welfare of the community. Hodge v. Zoning Hearing Board of West Bradford Township, 11 Pa. Commw. 311, 312 A.2d 813, 817 (1973). However, in applying this doctrine, the courts draw a distinction between land previously devoted to a pre-existing non-conforming use and land which is new to the use. "Structures may be erected on open land previously devoted to a non-conforming use, as of right. However, the erection of structures upon land *not* previously so used, may *only* be accomplished by way of variance, the requisites of which are hardship to the owner and absence of detriment to the public interest." Philadelphia v. Angelone, 3 Pa. Commw. 119, 280 A.2d 672, 677 (1971) (Emphasis supplied).

In the case at bar, although appellant may have intended to expand the single residence use, the portion of land in question was in fact not previously devoted to nor encompassed within this use.

Appellant has failed to convince us that the board

committed an abuse of discretion or error of law. Therefore, his appeal from the order of the board must be dismissed.