**John M. Hogg, Appellee, v. Chicago & Alton Railroad Company, Appellant.**

1. VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the evidence unless clearly and manifestly against its weight.

2. ATTORNEY AND CLIENT—*what does not affect statutory lien of former.* The statute giving the right to plaintiffs under certain circumstances to prosecute as poor persons is not modified or affected by the statute in regard to attorney's liens and an attorney may preserve a lien notwithstanding the plaintiff in the cause sues as a poor person.

Action in case for personal injuries. Appeal from the Circuit

Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 15, 1912. Rehearing denied April 3, 1912.

PATTON & PATTON, for appellant; SILAS H. STRAWN, of counsel.

DRENNAN & LAWLER, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This appeal is prosecuted by the defendant to reverse a judgment rendered against it for $2,500 in an action in case for personal injuries. alleged to have been sustained by the plaintiff through the negligence of said defendant. The first additional count of the declaration charges, in substance, that the defendant's railroad crossed in a northerly direction, a public highway in the city of Auburn, running east and west; that south of said highway and immediately west of the said railroad and within seven feet of the track, was a building 68 feet wide and 100 feet long, which obstructed the view of persons traveling upon said highway from west to east; that said highway was a public thoroughfare and was daily used by many children going to and from school; that by reason of said conditions said crossing was unusually dangerous, and due care and caution on the part of said defendant in approaching and crossing the same with its engines and cars, required that it should, and it became its duty to use other precautions for the safety of persons using the same, than the ringing of a bell or sounding of a whistle as required by the statute in such case; that notwithstanding such duty of the defendant, it negligently drove one of its locomotive engines with cars attached thereto, backward upon and across said crossing, and in so doing negligently failed to give any warning of the approach of said engine and cars, other

than the ringing of a bell; that by reason of such negligence, while the plaintiff, a boy of seven years of age, was traveling toward the east upon said public highway, said engine and cars ran upon and against him, and thereby so injured him that amputation of one of his legs became necessary. The second additional count charges, in substance, that it was the duty of the defendant in approaching said crossing, to look out for the safety of persons traveling upon said street and about to use said crossing, and to give due and timely warning of the approach of said engine and cars; that notwithstanding such duty the defendant drove a certain engine and cars attached thereto across said crossing, and in so doing negligently failed and omitted to give due and timely warning of the approach of the same to and upon said crossing, whereby the plaintiff was injured as charged in said first additional count. Both counts contain the usual averments of care and caution on the part of the plaintiff. The first original count is predicated upon the failure to give the statutory signals. Inasmuch as it clearly appears from the evidence that the bell upon the engine was being rung at and before the time the plaintiff was injured it will not be necessary to further consider such count. To this declaration the general issue was interposed. The suit was commenced *in forma pauperis* as provided by the statute. Thereafter a notice was served upon the defendant by the attorneys for plaintiff claiming a lien for their attorney fees, as provided by the statute. Rev. Stat. 1909, page 1441. After service of such notice the defendant entered a motion for a rule on the attorneys for the plaintiff to give security for costs. In response thereto the plaintiff entered a cross-motion, supported by affidavit, for leave to plaintiff to further prosecute the suit *in forma pauperis,* which cross-motion was allowed and the original motion of the defendant denied.

The evidence discloses that Monroe street is about 60 feet wide, and that the right of way of the defendant is about 100 feet wide; that on the southwest corner of the intersection of Monroe street and the right of way, there was a building about 70 feet wide east and west and about 112 feet long, which was used for storing lumber and is referred to in the evidence as the "lumber yard"; that said building abuts directly upon the only sidewalk on Monroe street, which sidewalk in turn abuts upon the right of way; that 80 feet east of said building is the "business" track of the defendant, which was not used for any other purpose than the unloading and loading of cars, no switching being done thereupon; that east of the "business" track were the main and other tracks of the defendant; that the view south along the railroad track, after passing the corner of the building, is wholly unobstructed, and a car upon said track two blocks distant from the crossing could be readily seen but that until one reached a point about eight feet of the track such view was entirely obstructed by such building; and further, that Monroe street was daily crossed by many children, ranging from 6 to 15 years of age, in going to and returning from school. The evidence further shows that prior to March 12, 1910, the plaintiff who was on that day between seven and eight years of age, had for several months lived with his parents on the south side of Monroe street, in the block east of the tracks; that at about 11:30 o'clock in the morning of the day in question he started home from school. He testified, in substance, that he started from the road crossing up next to the house and ran down to the lumber yard door, and then walked on the track, and when he saw the train coming with a car in front, he commenced to run along the track trying to get away from the train, but that the bumper of the car struck him knocking him down; that he heard no bell ringing and saw nobody on the car, but that as the car hit him he

heard some one on the engine shout "Get out of the way." He further testified that he ran upon the track without looking to see if a train was coming. Owen, a brakeman, testified that he was on top of the car at the time of the accident; that he saw the plaintiff run from behind the lumber yard and directly across the track; that he, the witness, yelled at him, and that the plaintiff then wheeled and ran "catacornered" down the track. The witnesses for the defendant testified that the train, which consisted of an engine and one freight car, was running at the time at the rate of from three to five miles an hour, while Lee Hogg, the brother of the plaintiff, testified that it was moving faster than the plaintiff could run.

It will be seen that the evidence as to whether the plaintiff was running or walking at the time he first saw the train as to the speed of the train, and as to whether there was any one on top of the car at the time in question, is in conflict. We cannot say that the jury were manifestly unwarranted in believing the witnesses for the plaintiff upon these issues rather than those who testified for the defendant. That the crossing in question was a dangerous one, especially for children, cannot be denied. Whether in the exercise of due care the defendant was bound, in view of the surroundings, to adopt other precautions than the mere ringing of a bell, and whether the plaintiff exercised the degree of care for his own safety that a child of his age, intelligence, capacity, discretion and experience would naturally and ordinarily have used in the same situation, under the same or similar circumstances, were properly submitted to the jury. The jury has determined such issues in favor of the plaintiff, and we would not feel justified in disturbing their findings upon the ground that the same were unwarranted by the evidence.

Notwithstanding authorities of other jurisdictions cited by counsel seem to sustain their contention that

the court erred in overruling the motion to require the plaintiff's attorneys, in view of the fact that they had asserted their right to a statutory lien upon any judgment to be recovered, to give security for costs, we are not prepared to hold that the statute giving the right to plaintiffs under certain circumstances, to prosecute as poor persons, is modified or affected by the statute in regard to attorneys' liens. We think the matter remains within the discretion of the court notwithstanding such statute.

We find no error in the record, and the judgment of the Circuit Court is accordingly affirmed. '

*Affirmed.*