# Illinois Official Reports

## Appellate Court

*Walsh v. Will County Adult Detention Facility*, 2015 IL App (3d) 140246

| | |
|---|---|
| Appellate Court Caption | DEREK J. WALSH, Plaintiff-Appellant, v. WILL COUNTY ADULT DETENTION FACILITY; MICHAEL O'LEARY, Warden; G. MAROTTA; MARY F. NIEMANN; SERGEANT ALEXANDER; R. SLATER; DEBBIE DOE, FRANK DOE and DAVE DOE, Defendants-Appellees. |
| District & No. | Third District<br>Docket No. 3-14-0246 |
| Filed | April 22, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 13-CH-3206; the Hon. Roger Rickmon, Judge, presiding. |
| Judgment | Reversed; cause remanded. |
| Counsel on Appeal | Derek J. Walsh, of Joliet, appellant *pro se*.<br><br>James Glasgow, State's Attorney, of Joliet (Colleen M. Griffin, Assistant State's Attorney, of counsel), for appellees. |

| Panel | JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion. |
|---|---|
| | Justices Lytton and Schmidt concurred in the judgment and opinion. |

**OPINION**

¶ 1     The plaintiff, Derek Walsh, submitted a *pro se* complaint against the defendants seeking injunctive relief pursuant to the Illinois Freedom of Information Act (Act) (5 ILCS 140/1 *et seq.* (West 2012)). The claimant also filed an application for leave to sue as an indigent person under section 5-105 of the Code of Civil Procedure (Code) (735 ILCS 5/5-105 (West 2012)). The trial court denied the claimant's application. This appeal followed.

¶ 2                                         FACTS

¶ 3     While he was an inmate at the Will County Adult Detention Facility (WCADF), the plaintiff filed a *pro se* complaint against the WCADF, its warden, and other WCADF employees seeking injunctive relief pursuant to the Act. In his complaint, the plaintiff alleged that the defendants failed to disclose certain records, conspired to deny the plaintiff his right to access information in their control, and willfully and wantonly "withheld, tampered, altered, forged, and/or concealed" certain records in violation of the federal Civil Rights Act (42 U.S.C. § 1983 (2012)). The plaintiff asked the trial court to temporarily and permanently enjoin the defendants from further altering or destroying public records in their possession and from retaliating against him. The plaintiff also sought the disclosure of records pursuant to the Act, the appointment of counsel or a special investigator to ensure the preservation of evidence, other injunctive relief, and monetary damages for the defendants' alleged violations of the Act and of the plaintiff's federal constitutional rights.

¶ 4     In addition to the complaint, the claimant filed a written application for leave to sue as an indigent person under section 5-105 of the Code. In his application, the plaintiff indicated that he had a meritorious claim but that he was "unable to pay the fees, costs, and charges of this case." He stated that was currently unemployed and incarcerated at the WCADF, that he had no sources of income other than "$20.00 gifts from family," that his income from the previous year was $30,000, and that he owned no real estate or personal property. The plaintiff completed and signed the Will County "APPLICATION/ORDER TO SUE OR DEFEND AS A POOR PERSON" form. Although that form provides a space for notarization next to the signature line, the plaintiff did not have his signature notarized. Nor did he submit a separate affidavit in support of his application.

¶ 5     Approximately one month later, the trial court dismissed the plaintiff's claim without prejudice *sua sponte* and denied his application to sue as an indigent person. The trial court's minute order announcing these rulings stated:

> "No one appears. Cause comes on for initial return date. The Application to Sue or Defend as a Poor Person is denied. If Plaintiff wishes to proceed with this matter, he must pay the proper fee and refile his case. On Court's motion, cause is dismissed."

¶ 6    The plaintiff filed a motion to reconsider the trial court's dismissal of his complaint and denial of his motion to sue as an indigent person. He also filed a motion to waive appearance before the court and to proceed *in absentia*. The court denied the plaintiff's motion to reconsider without ruling on the plaintiff's motion to waive appearance and proceed *in absentia*. This appeal followed.

¶ 7                                                    ANALYSIS

¶ 8    The plaintiff seeks reversal of the trial court's denial of his application to sue as an indigent person. Whether to grant such an application "is within the sound discretion of the trial court, subject to reversal only when such discretion has been abused." *Lucas v. Prisoner Review Board*, 2013 IL App (2d) 110698, ¶ 31. A trial court abuses its discretion "when its ruling is arbitrary, fanciful, or unreasonable, or where no reasonable person would take the view adopted by the trial court." *Patton v. Lee*, 406 Ill. App. 3d 195, 199 (2010).

¶ 9    The plaintiff argues that the trial court abused its discretion by denying his application solely because he failed to appear in court. The plaintiff notes that section 5-105(d) of the Code requires the applicant to appear only if the trial court orders him "to personally appear to explain or clarify information contained in the application." 735 ILCS 5/5-105(d) (West 2012). The trial court issued no such order in this case. Moreover, the plaintiff notes that he was unable to appear in court at the time because he was incarcerated at the WCADF and that the trial court never ruled on the plaintiff's motion to waive appearance (although that motion was filed after the court denied the plaintiff's application).

¶ 10   We are not persuaded by the plaintiff's arguments. As the defendants observe, the trial court's minute order denying the plaintiff's application does not state or imply that the court based its ruling on the plaintiff's failure to appear. The order merely states that "[n]o one appears" and thereafter provides that "[t]he Application to Sue or Defend as a Poor Person is denied." It does not suggest that the application was denied *because* the plaintiff failed to appear. Nor does it otherwise explain why the application was denied. As the defendants note, the trial court's minute order "does not indicate the basis for [the court's] decision," and "the record is silent as to the court's reasoning."

¶ 11   However, this fact raises another problem. Section 5-105(d) of the Code provides that, if the application for leave to sue as an indigent person is denied, "the court shall enter an order to that effect *stating the specific reasons for the denial*." (Emphasis added.) 735 ILCS 5/5-105(d) (West 2012). As noted, the court's minute order includes no such reasons. The statutory requirement that the trial court "*shall* enter an order *** stating the specific reasons for the denial" (emphasis added) (*id.*) is mandatory, rather than permissive, because it imposes an obligatory duty that is not left to the trial court's discretion. See, *e.g.*, *People v. Reed*, 177 Ill. 2d 389, 393 (1997) ("Legislative use of the word *** 'shall' is generally considered to express a mandatory reading."); see also *Morgan v. Department of Financial & Professional Regulation*, 388 Ill. App. 3d 633, 675 (2009). Although we presume that statutory language issuing a mandatory procedural command to a court is "directory" (*i.e.*, not cause for reversal if the court fails to fulfill the command), that presumption is overcome, *inter alia*, "when the right the provision is designed to protect would generally be injured under a directory reading." *People v. Delvillar*, 235 Ill. 2d 507, 517 (2009). Here, the statute is clearly designed to protect a party's right to meaningful appellate review of a trial court's denial of his or her application to sue or defend as an indigent person. Absent written reasons supporting such a denial, it may

be impossible to determine whether the denial was based on a legitimate legal basis (such as the applicant's financial condition) or on mere caprice. In that event, meaningful appellate review of the trial court's decision would be compromised. Accordingly, we hold that section 5-105(d)'s requirement that the trial court provide specific reasons for its denial of the plaintiff's application is mandatory rather than directory, and the trial court's failure to observe that requirement in this case was reversible error.

¶ 12    The defendants argue that we may affirm despite the trial court's failure to explain its reasoning because there are valid reasons in the record supporting the denial of the plaintiff's application. Specifically, the defendants note that the plaintiff failed to submit an affidavit in support of his application, as required by section 5-105(c) of the Code. 735 ILCS 5/5-105(c) (West 2012) (providing that "[a]n application for leave to sue or defend an action as an indigent person shall be in writing and supported by the affidavit of the applicant"). In addition, the defendants argue that the trial court could have reasonably dismissed the plaintiff's application on the merits because the application indicated that the plaintiff's income from the previous year was $30,000 and that he receives $20 gifts from his family. These arguments may or may not justify a dismissal of the plaintiff's application, but the statute requires the trial court to make that determination and to explain its reasoning. Absent a ruling from our supreme court interpreting this requirement as directory rather than mandatory, we interpret the statute to mean what it says.

¶ 13    Accordingly, we reverse the trial court's denial of the plaintiff's application and remand the matter with instructions that the trial court enter an order stating the specific reasons for its denial of the plaintiff's application.

¶ 14                                   CONCLUSION

¶ 15    For the foregoing reasons, judgment of the circuit court of Will County is reversed and the case is remanded.

¶ 16    Reversed; cause remanded.