# Illinois Official Reports

## Appellate Court

---

### *Sims v. Atkins*, 2021 IL App (3d) 190456

---

| | |
|---|---|
| Appellate Court Caption | JOHNNIE SIMS, Plaintiff-Appellant, v. WILLIAM ATKINS, DAVID BUSS, DUSTIN JOHNSON, and ANN MARIE YEAGLE, Defendants-Appellees. |
| District & No. | Third District<br>No. 3-19-0456 |
| Filed | September 7, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 18-L-307; the Hon. Jodi M. Hoos, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |
| Counsel on Appeal | Johnnie Sims, of Peoria, appellant *pro se*.<br><br>William W.P. Atkins, of Johnson, Bunce & Noble, P.C., of Peoria, for appellee William Atkins.<br><br>Chrissie Peterson and Michael Toren, of City of Peoria Legal Department, of Peoria, for appellee David Buss.<br><br>Kwame Raoul, Attorney General, of Chicago (Jane Elinor Notz, Solicitor General, and Janon Fabiano, Assistant Attorney General, of counsel), for other appellees. |

Panel                     JUSTICE LYTTON delivered the judgment of the court, with opinion. Presiding Justice McDade and Justice Holdridge concurred in the judgment and opinion.

**OPINION**

¶ 1      Plaintiff Johnnie Sims filed a civil complaint against defendants, alleging wrongdoing at or before his December 13, 2016, criminal trial. Attached to plaintiff's complaint was an application to sue as a poor person. The trial court denied plaintiff's application and ordered him to pay filing fees. When plaintiff failed to do so, the trial court entered an order dismissing his complaint. Plaintiff appeals, arguing that the trial court improperly denied his application to sue as a poor person. We reverse and remand.

¶ 2                                         I. BACKGROUND

¶ 3      In November 2015, plaintiff was charged with possession of a weapon by a felon (720 ILCS 5/24-1.1 (West 2014)). On or about December 1, 2015, plaintiff retained defendant William Atkins to represent him in his criminal case. Plaintiff's criminal trial commenced on December 13, 2016. At the conclusion of the trial, plaintiff was found guilty, and the trial court sentenced him to seven years in prison.

¶ 4      On December 28, 2018, plaintiff filed a five-count complaint against defendants. In count I, plaintiff alleged that Atkins committed constructive fraud by requiring him to pay $5500 for an expert witness. Plaintiff alleged that he paid $2000 to Atkins in January 2016 and $3500 to Atkins in March 2016 for an expert witness to testify at his criminal trial, but no expert testified. In count II, plaintiff alleged breach of fiduciary duty against Atkins for agreeing to a stipulation with the State regarding the expected testimony of Peoria police officer David Buss. In count III, plaintiff alleged that Buss concealed physical evidence at plaintiff's criminal trial. In count IV, plaintiff alleged that Dustin Johnson, a forensic scientist, committed perjury at plaintiff's criminal trial. Finally, in count V, plaintiff alleged that Ann Marie Yeagle, a forensic scientist, committed perjury at plaintiff's criminal trial. Plaintiff sought return of the $5500 he paid to Atkins, as well as lost income of $375,000 and $191,625 for pain and suffering.

¶ 5      Attached to plaintiff's complaint was an "Application to Sue or Defend as a Poor Person" completed by plaintiff. In the application, plaintiff alleged that he was a poor person and unable to pay the costs, fees, and expenses of his civil action. He alleged that he was not currently employed due to his imprisonment at Taylorville Correctional Center but stated he receives $15 per month for work he performs there. He denied receiving any other income or support and denied owning any real estate, motor vehicles, bank accounts, or other property of value. He stated that his total income for the preceding year was $200 and that he expected his income in the future to be $200 per year. Attached to the application were statements showing the balance of plaintiff's prison trust fund from June 2018 to November 2018. As of November 27, 2018, plaintiff had no funds available. The Taylorville Correctional Center account supervisor issued a certificate on November 29, 2018, stating that plaintiff had no funds in his prison trust account.

¶ 6      On January 16, 2019, the trial court issued an order denying plaintiff's application to sue as a poor person, stating that plaintiff did not qualify for a fee waiver because "[p]er allegations

in the complaint, plaintiff has access to funds." The trial court ordered plaintiff to pay all applicable fees, costs, or charges by January 31, 2019. Between late February and early March 2019, defendants filed motions to dismiss plaintiff's complaint.

On March 7, 2019, the trial court entered an order stating: "Plaintiff has not paid filing fees. No further correspondence will be accepted by the Circuit Clerk's office until fees are paid." On March 25, 2019, plaintiff filed a motion to reconsider the trial court's order denying his application to sue as a poor person or, alternatively, defer all costs and fees until the conclusion of his case. On June 21, 2019, the trial court entered an order dismissing plaintiff's case for failing to appear and failing to pay court fees.

## II. ANALYSIS

The waiver of court-imposed charges for self-represented litigants in Illinois is governed by section 5-105 of the Code of Civil Procedure (Code) (735 ILCS 5/5-105 (West 2020)) and Illinois Supreme Court Rule 298 (eff. July 1, 2019). *In re Marriage of Main*, 2020 IL App (2d) 200131, ¶ 21. To qualify for a waiver of court costs, fees, and charges, a litigant must submit an application that is "sufficient to allow a court to determine whether an applicant qualifies for full or partial waiver of assessments pursuant to 735 ILCS 5/5-105, and shall include information regarding the applicant's household composition, receipt of need-based public benefits, income, expenses, and nonexempt assets." Ill. S. Ct. R. 298(a)(1) (eff. July 1, 2019); 735 ILCS 5/5-105(c) (West 2020). An application must contain details showing that the applicant does not possess the means of prosecuting or defending a suit and fully paying the costs thereof. See *Tracy v. Bible*, 181 Ill. 331, 333 (1899). The court may enter a ruling based on the application itself or hold a hearing at which the court may order the applicant to produce copies in support of the application. Ill. S. Ct. R. 298(b) (eff. July 1, 2019). If the opposing party does not contest the contents of an application or challenge the applicant's credibility, the court should accept the information contained in the application as true. See *People v. Djurdjulov*, 2017 IL App (1st) 142258, ¶¶ 49-50.

"If the court finds that the applicant is an indigent person, the court shall grant the applicant a full fees, costs, and charges waiver entitling him or her to sue or defend the action without payment of any of the fees, costs, and charges." 735 ILCS 5/5-105(b)(1) (West 2020). Section 5-105(a)(2) of the Code defines an " '[i]ndigent person' " as one who meets one or more of the following criteria:

"(i) He or she is receiving assistance under one or more of the following means-based governmental public benefits programs: Supplemental Security Income (SSI), Aid to the Aged, Blind and Disabled (AABD), Temporary Assistance for Needy Families (TANF), Supplemental Nutrition Assistance Program (SNAP), General Assistance, Transitional Assistance, or State Children and Family Assistance.

(ii) His or her available personal income is 125% or less of the current poverty level, unless the applicant's assets that are not exempt under Part 9 or 10 of Article XII of this Code are of a nature and value that the court determines that the applicant is able to pay the fees, costs, and charges.

(iii) He or she is, in the discretion of the court, unable to proceed in an action without payment of fees, costs, and charges and whose payment of those fees, costs, and charges would result in substantial hardship to the person or his or her family.

(iv) He or she is an indigent person pursuant to Section 5-105.5 of this Code." *Id.* § 5-105(a)(2).

Section 5-105.5 of the Code defines an " '[i]ndigent person' " as "a person whose income is 125% or less of the current official federal poverty income guidelines or who is otherwise eligible to receive civil legal services under the eligibility guidelines of the civil legal services provider or court-sponsored *pro bono* program." *Id.* § 5-105.5(a). " 'Poverty level' means the current poverty level as established by the United States Department of Health and Human Services." *Id.* § 5-105(a)(3).

¶ 11    "If the court determines that the conditions for a full assessment waiver under 735 ILCS 5/5-105(b)(1) are satisfied, it shall enter an order permitting the applicant to sue or defend without payment of assessments, costs or charges." Ill. S. Ct. R. 298(b) (eff. July 1, 2019). If the court denies an application, "the court shall enter an order to that effect specifying the reasons for the denial." *Id.* The requirement that a court specify its reasons for denying an application is "designed to protect a party's right to meaningful appellate review of a trial court's denial of his or her application to sue or defend as an indigent person." *Walsh v. Will County Adult Detention Facility*, 2015 IL App (3d) 140246, ¶ 11.

¶ 12    The current provisions of section 5-105 of the Code and Rule 298 are relatively new. Section 5-105 was materially and substantially changed by the legislature in 1999, and Rule 298 was amended in 2003. See Pub. Act 91-621, § 5 (eff. Aug. 19, 1999); Ill. S. Ct. R. 298, (eff. Nov. 1, 2003).

¶ 13    Prior to the legislature's 1999 revisions, section 5-105 of the Code provided:

"If any court shall, before or after the commencement of an action, be satisfied that the plaintiff or defendant is a poor person, and unable to prosecute or defend the action and pay the costs and expenses thereof, the court *may, in its discretion*, permit him or her to commence and prosecute the action, or defend the action, as a poor person, and thereupon such person shall have all the necessary processes, appearances and proceedings, as in other civil cases, without fees or charges." (Emphasis added.) 735 ILCS 5/5-105 (West 1998).

Based on the above language, for more than 150 years, Illinois courts held that the decision to grant an individual's application to sue or defend as a poor person was within the discretion of the trial court. See *Tracy*, 181 Ill. at 332-33; *Chicago & Iowa R.R. Co. v. Lane*, 130 Ill. 116, 122 (1889); *Papineau v. Belgarde*, 81 Ill. 61, 62 (1876); *Clement v. Brown*, 30 Ill. 43, 48 (1862); *Gesford v. Critzer*, 7 Ill. 698, 699 (1845); *Walsh*, 2015 IL App (3d) 140246, ¶ 8; *Lucas v. Prisoner Review Board*, 2013 IL App (2d) 110698, ¶ 31; *Dear v. Locke*, 128 Ill. App. 2d 356, 362 (1970); *Hogg v. Chicago & Alton R.R. Co.*, 168 Ill. App. 609, 614 (1912); *Roberts v. Brunz*, 92 Ill. App. 479, 480 (1900); *Beal v. Pratt*, 67 Ill. App. 483, 484 (1896); *City of Rockford v. Russell*, 9 Ill. App. 229, 232 (1881). In *Lane*, 130 Ill. at 122, our supreme court explained that an abuse of discretion standard was appropriate for reviewing a court's decision on an application to sue or defend as a poor person because "[t]he matter of permitting a plaintiff to prosecute his suit as a poor person, is left, by the express terms of the statute, to the judicial discretion of the court where such suit is commenced or is pending."

¶ 14    "Review for abuse of discretion is proper when the trial court is called upon to exercise its equitable powers [citation], or when it must, for lack of a better phrase, make a judgment call." *People v. Chambers*, 2016 IL 117911, ¶ 75. It was appropriate for courts to apply the abuse of discretion standard to applications to sue or defend as a poor person filed before August 19,

1999, based on the language of the statute in effect at that time. However, the discretionary standard was written out of section 5-105 when the legislature amended it in 1999. See Pub. Act 91-621, § 5 (eff. Aug. 19, 1999). Unlike the prior versions of the statute, which stated that a court "may, in its discretion" permit a plaintiff or defendant to sue or defend as a poor person without paying fees or costs (735 ILCS 5/5-105 (West 1998)), the amended version of section 5-105, which is still currently in effect, provides: "If the court finds that the applicant is an indigent person, the court *shall* grant the applicant a full fees, costs, and charges waiver entitling him or her to sue or defend the action without payment of any of the fees, costs, and charges." (Emphasis added.) 735 ILCS 5/5-105(b)(1) (West 2020); see also Ill. S. Ct. R. 298(b) (eff. July 1, 2019) ("If the court determines that the conditions for a full assessment waiver under 735 ILCS 5/5-105(b)(1) are satisfied, it *shall* enter an order permitting the applicant to sue or defend without payment of assessments, costs or charges." (Emphasis added.))

¶ 15        "It is presumed that every amendment to a statute is made for some purpose, and effect must be given to the amendment in a manner consistent with that purpose." *In re Marriage of Hawking*, 240 Ill. App. 3d 419, 424 (1992) (citing *In re Marriage of Freeman*, 106 Ill. 2d 290, 297-98 (1985), and *People v. Youngbey*, 82 Ill. 2d 556, 563 (1980)). A material amendment to a statute creates a rebuttable assumption that the legislature intended to change existing law. *State v. Mikusch*, 138 Ill. 2d 242, 252 (1990). The best evidence of a legislature's intent is found in the plain language of a statute. *Kunkel v. Walton*, 179 Ill. 2d 519, 533 (1997)).

¶ 16        By replacing the phrase "may, in its discretion," with the word "shall" in section 5-105 of the Code, the legislature removed the trial court's broad discretion to grant or deny an application to sue or defend as a poor person. See *People v. Richardson*, 104 Ill. 2d 8, 16 (1984) (purpose of legislature's replacement of "the ordinarily permissive term 'may' with the stronger term 'shall' " was to remove discretion from trial court); *City of Chicago v. Westphalen*, 93 Ill. App. 3d 1110, 1131-32 (1981) (legislature removed discretion of trial court to award attorney fees by replacing " 'may in its discretion' " with " 'shall' " in statute). To interpret the legislature's intent otherwise would be to effectively read the revision out of the statute. See *Shelton v. Industrial Comm'n*, 267 Ill. App. 3d 211, 217 (1994) ("[S]tatutes are to be construed in a way which does not render the language meaningless or superfluous."). The word "shall" generally imposes a mandatory obligation on trial courts. See *Richardson*, 104 Ill. 2d at 15; *In re Marriage of Wyant*, 197 Ill. App. 3d 538, 541 (1990). Thus, under the current version of section 5-105, a trial court no longer has discretion to deny an application to sue or defend as a poor person but is required to grant the application if the court determines the applicant is indigent. See *People v. Garstecki*, 234 Ill. 2d 430, 443 (2009) (change in language of supreme court rule from "may" to "shall" imposed mandatory obligation on trial courts).

¶ 17        Section 5-105(a)(2) of the Code lists specific criteria that a court must examine to determine if an applicant is indigent. See 735 ILCS 5/5-105(a)(2) (West 2020). A trial court's determination of whether statutory criteria have been satisfied will be reversed only if it is against the manifest weight of the evidence. See *Richardson Brothers v. Board of Review of the Department of Employment Security*, 198 Ill. App. 3d 422, 428-31 (1990) (reviewing criteria for independent contractors); *E&E Hauling, Inc. v. Pollution Control Board*, 116 Ill. App. 3d 586, 608-16 (1983), *aff'd*, 107 Ill. 2d 33 (1985) (reviewing criteria contained in the Environmental Protection Act (Ill. Rev. Stat. 1981, ch. 111½, ¶ 1001 *et seq.*)). A trial court's decision is against the manifest weight of the evidence where the record clearly establishes that

the opposite conclusion was the proper result. *Henry County Board v. Village of Orion*, 278 Ill. App. 3d 1058, 1062 (1996).

¶ 18 Here, the trial court denied plaintiff's application to sue as a poor person without applying the applicable statutory criteria contained in section 5-105(a)(2) of the Code. Instead, the court determined that plaintiff was not indigent because, according to his complaint, he had access to $5500 to pay an expert approximately three years earlier. This was error.

¶ 19 In determining whether an applicant meets the indigency criteria, the court must analyze the litigant's application, which details his financial status and provides information about the applicant's income and assets. See 735 ILCS 5/5-105(c) (West 2020); Ill. S. Ct. R. 298(a)(1) (eff. July 1, 2019). Here, plaintiff's application established that he received $15 per month for working at the prison where he was incarcerated. He denied receiving any other income or support and denied owning any real estate, motor vehicles, bank accounts, or other property of value. He stated that his total income for the preceding year was $200 and expected his income in the future to be $200 per year. Plaintiff had no funds available in his prison trust fund. Defendants offered no evidence to challenge the credibility of plaintiff's assertions about his income and assets; therefore, the trial court should have accepted the facts set forth in plaintiff's application as true. See *Djurdjulov*, 2017 IL App (1st) 142258, ¶¶ 49-50.

¶ 20 Pursuant to the United States Department of Health and Human Services, the poverty level at the time plaintiff filed his application was $12,140. See 2018 Poverty Guidelines Computations, U.S. Dep't of Health & Hum. Serv., https://aspe.hhs.gov/2018-poverty-guidelines-computations-page (last visited Aug. 28, 2021) [https://perma.cc/YDW6-KG5R]. Plaintiff's stated income of $200 per year was well below that amount. Therefore, plaintiff fit the criteria of an "indigent person" unless his assets were "of a nature and value that the court determines that the applicant is able to pay the fees, costs, and charges." 735 ILCS 5/5-105(a)(2)(ii) (West 2020). Here, plaintiff asserted in his application that he had no assets, and defendants did not challenge that contention. Thus, plaintiff established that he fit one of the criteria for an "indigent person," and the trial court's order denying his application to sue as a poor person was against the manifest weight of the evidence.

¶ 21 Additionally, the trial court's finding that plaintiff was not indigent because of his "access to funds" was erroneous. Only assets owned by the applicant are relevant to a determination of indigency. See *id.*; *Djurdjulov*, 2017 IL App (1st) 142258, ¶ 50; *People v. Valdery*, 41 Ill. App. 3d 201, 204 (1976). That an applicant could possibly obtain funds from friends, relatives, or others and has done so in the past has no bearing on whether the applicant is indigent. See *Djurdjulov*, 2017 IL App (1st) 142258, ¶ 50; see also *Valdery*, 41 Ill. App. 3d at 202, 204 (trial court erred in finding the defendant was " 'not indigent' " because he raised $3500 in bail).

¶ 22 Here, while plaintiff alleged in his complaint that he paid $5500 for an expert witness several years before he filed his application to sue as a poor person, plaintiff's complaint is devoid of facts as to how plaintiff obtained that money, and his application established that he did not possess money or valuable assets when he filed his application. The trial court erred in denying plaintiff's application to sue as a poor person because having "access to funds" is not an appropriate criterion under which to deny an application to sue or defend as a poor person under section 5-105 of the Code. See 735 ILCS 5/5-105(a)(2) (West 2020).

¶ 23 In this case, plaintiff fit at least one criterion of an "indigent person" under section 5-105(a)(2) of the Code because his income was well below 125% of the poverty level and he had no assets. See *id.* § 5-105(a)(2)(ii). Therefore, the trial court was required to grant

- 6 -

plaintiff's application to sue as a poor person. See *id.* § 5-105(b). Because the trial court failed to do so and dismissed plaintiff's action based on his failure to pay fees and costs, we reverse and remand. On remand, the trial court is directed to reverse its dismissal of plaintiff's complaint, grant plaintiff's application to sue as a poor person, and conduct further proceedings consistent with this decision.

¶ 24                                    III. CONCLUSION

¶ 25       The judgment of the circuit court of Peoria County is reversed, and the cause is remanded with directions.

¶ 26       Reversed and remanded with directions.