2022 IL App (1st) 200083

No. 1-20-0083

Filed April 14, 2022

Fourth Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| JOVAN BATTLE, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 19 L 12671 |
| | ) | |
| THE CHICAGO POLICE DEPARTMENT, | ) | Honorable |
| | ) | James P. Flannery, Jr., |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE MARTIN delivered the judgment of the court, with opinion
Justices Lampkin and Rochford concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff Jovan Battle filed a civil complaint against defendant, the Chicago Police Department (CPD), and numerous other defendants in 2019. In conjunction with his civil complaint, plaintiff filed an application for waiver of court fees, pursuant to Illinois Supreme Court Rule 298 (eff. July 1, 2019) and section 5-105 of the Code of Civil Procedure (Code) (735 ILCS 5/5-105 (West 2018)). The circuit court denied plaintiff's application on the basis that his complaint failed to state a claim upon which relief could be granted and ordered plaintiff to pay all court fees by January 3, 2020. When plaintiff was unable to pay the court fees, the court

administratively dismissed his complaint. Plaintiff appeals, arguing that the trial court improperly denied his application for waiver of court fees.[1]

I. BACKGROUND

On November 18, 2019, plaintiff Jovan Battle filed a civil complaint against CPD and various other defendants[2] in the Circuit Court of Cook County. The clerk's office assigned plaintiff's complaint a case number. In his somewhat convoluted complaint, plaintiff alleged that he was falsely arrested, unlawfully restrained, and maliciously prosecuted in connection with events occurring on March 23, 2019. Plaintiff sought $5 million in damages from the named defendants.

Plaintiff enclosed with his complaint both a completed "Application for Waiver of Court Fees" and an "Application and Affidavit to Sue or Defend as an Indigent Person," pursuant to Illinois Supreme Court Rule 298 (eff. July 1, 2019) and section 5-105 of the Code (735 ILCS 5/5-105 (West 2018)). As the application for waiver of court fees is the required form pursuant to Rule 298, this is the application we will examine. In his application, plaintiff alleged that he was an indigent person unable to pay the costs, fees, and various expenses of his civil action. He contended that, due to his imprisonment at the Cook County Department of Corrections (CCDOC), he was unemployed. Plaintiff averred that he otherwise had no income or support and denied owning any bank accounts, real estate, vehicles, or other items of value. He stated he received a one-time payment of $150 from a friend while he was in custody. Attached to his application were statements demonstrating the balance of plaintiff's CCDOC resident funds from May 1, 2019 to

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

[2] Pleadings included in the record before this court indicate that plaintiff listed, *inter alia*, the City of Chicago, Cook County State's Attorney Kimberly Foxx, numerous Assistant State's Attorneys, and more than one dozen police officers as defendants.

May 28, 2019. As of August 29, 2019, plaintiff averred that he had two cents available on his account. Also included with plaintiff's application was a certificate issued by the CCDOC account supervisor, stating that plaintiff had two cents in his trust account.

¶ 5 On December 20, 2019, the circuit court issued an order denying plaintiff's application for waiver of court fees, stating that plaintiff did not qualify for a fee waiver because "applicant fails to state a claim on which relief may be granted." The circuit court therefore ordered plaintiff to pay all fees, costs, and charges associated with the filing of his complaint by January 3, 2020.

¶ 6 Subsequently, on January 3, 2020, the circuit court entered an order administratively dismissing plaintiff's case due to his failure to appear and pay all necessary court fees. Plaintiff timely appealed on January 10, 2020. On October 21, 2020, the circuit court granted plaintiff's application for waiver of court fees regarding his appeal before this court. The circuit court found that plaintiff qualified for a full waiver of all filing fees and the cost of obtaining the record on appeal. Specifically, the court found that plaintiff's personal income was 125% or less of the current poverty level as established by the United States Department of Health and Human Services. Therefore, Battle was unable to pay fees, costs, or charges.

¶ 7 II. ANALYSIS

¶ 8 As a preliminary matter, we note that the defendant-appellee did not file a brief with this court. Further, we note that the appellant's brief is obscure and fails to include even a single citation to authority or the record, in violation of Illinois Supreme Court Rule 341 (eff. May 25, 2018). Additionally, the brief fails to contain a proper summary statement, introductory paragraph, or statement of the issue presented for review, as required by Illinois Supreme Court Rule 341(h) (eff. May 25, 2018). The brief does not contain the order appealed from nor does it contain an

index to the record as required by Illinois Supreme Court Rule 342 (eff. Oct. 1, 2019). These violations are neither trivial nor inconsequential.

¶ 9 The Illinois Supreme Court's rules governing appellate briefs are mandatory. *Slater v. Illinois Labor Relations Board, Local Panel*, 2019 IL App (1st) 181007, ¶ 11. "A party's failure to comply with the rules runs the risk that this court will strike the offending portions of a noncompliant brief, or in rare cases, dismiss an appeal for serious rule violations." *Metzger v. Brotman*, 2021 IL App (1st) 201218, ¶ 24. However, striking an appellate brief, in whole or in part, is a harsh sanction that "is ordinarily reserved for the most egregious failures to comply with the rules and those that hinder our review." *In re Marriage of Reicher*, 2021 IL App (2d) 200454, ¶ 30 (citing *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 15). Furthermore, "the rules are an admonishment to the parties and not a limitation upon the jurisdiction of this court." *Perona v. Volkswagen of America, Inc.*, 2014 IL App (1st) 130748, ¶ 21.

¶ 10 While this court certainly has the option of dismissing plaintiff's appeal for failure to comply with the supreme court rules, in the interest of ensuring equal access to justice, we will not exercise this option. Despite deficiencies in an appellant's brief, "where 'the record is short and the issues are simple,' the appellate court may choose to 'address the issues anyway.' " *Vance v. Joyner*, 2019 IL App (4th) 190136, ¶ 80 (quoting *People v. Johnson*, 192 Ill. 2d 202, 206 (2000)). In the instant case, we find the common law record, along with the plaintiff's meager brief, sufficient to resolve the merits of this appeal without aid of the defendant's brief. See *Gwozdz v. Board of Education of Park Ridge-Niles School District No. 64*, 2021 IL App (1st) 200518 ¶ 28 (citing *In re Estate of Jackson*, 354 Ill. App. 3d 616, 620 (2004)). "[W]hile the insufficiency of the plaintiff's brief in this case hinders review, meaningful review is not precluded." *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). Thus, notwithstanding

the violation of the rules or the absence of an appellee brief, we will address the merits of the appeal, where "we do not find the flaws identified to be so serious as to interfere with our ability to understand and adjudicate this case." *State Farm Mutual Automobile Insurance Co. v. Burke*, 2016 IL App (2d) 150462, ¶ 22; see *MIFAB, Inc. v. Illinois Human Rights Comm'n*, 2020 IL App (1st) 181098, ¶ 33 (noting that the decision of whether to dismiss an appeal based on Rule 341 violations is within the discretion of the reviewing court).

¶ 11     We turn now to the merits. Plaintiff here appeals the circuit court's denial of his application for waiver of court fees. Although the bulk of the argument in plaintiff's brief simply explains in detail why he is indigent and cannot afford to pay filing fees, plaintiff's notice of appeal—along with the record—allows us to glean his claim of error. In his January 10, 2020 notice of appeal, plaintiff contended that

> "[t]he fact that I am indigent, I should of [*sic*] been able to proceed as well without fees for case # 2019L012671. I am unable to pay the filing fee of 388.00 to the courts and I have provided proof as well. Wherefore, I ask that the prayer be heard as well and that the Honorable Court of Appeals does grant my motion to appeal the fees and waive the fees."

Further, plaintiff's docketing statement reflects that he is appealing from the December 20, 2019 order denying his application to sue as an indigent person.

¶ 12     Indigent litigants in Illinois are permitted to apply for a waiver of court fees, costs, and charges pursuant to the provisions in section 5-105 of the Code (735 ILCS 5/5-105 (West 2020)) and Illinois Supreme Court Rule 298 (eff. July 1, 2019). To qualify for such a waiver, the litigant must submit a written application that includes "information regarding the applicant's household composition, receipt of need-based public benefits, income, expenses, and nonexempt assets." Ill. S. Ct. R. 298(a)(1) (eff. July 1, 2019). The contents of the application must be satisfactorily

adequate so the court can determine if the litigant qualifies for a fee waiver, pursuant to section 5-105 of the Code (735 ILCS 5/5-105 (West 2020)). Ill. S. Ct. R. 298(a)(1) (eff. July 1, 2019). Upon receipt of a litigant's completed application, the court may either set a hearing requiring the applicant to produce specific documents or it may rule on the application itself. Ill. S. Ct. R. 298(b) (eff. July 1, 2019).

¶ 13     Upon a finding that the litigant "is an indigent person, the court shall grant the applicant a full fees, costs, and charges waiver." 735 ILCS 5/5-105(b)(1) (West 2020); Ill. S. Ct. R. 298(b) (eff. July 1, 2019). However, if the court determines that the application should be denied, the court must enter an order that states its specific reasons for denial. 735 ILCS 5/5-105(d) (West 2018); see *Walsh v. Will County Adult Detention Facility*, 2015 IL App (3d) 140246, ¶ 12 (holding that section 5-105(d)'s requirement that the court provide, with specificity, its reasons for denying an application for leave to sue as an indigent person is mandatory rather than directory).

¶ 14     Prior to August 19, 1999, section 5-105 of the Code provided that a court *may*, in its discretion, allow a plaintiff to commence and prosecute an action, or defend an action, as a poor person, without fees or charges. 735 ILCS 5/5-105 (West 1998). Based on this language, "[i]t was appropriate for courts to apply the abuse of discretion standard to applications to sue or defend as a poor person." *Sims v. Atkins*, 2021 IL App (3d) 190456, ¶ 14. However, when the legislature amended section 5-105 in 1999, they removed the discretionary standard. See Pub. Act 91-621, § 5 (eff. Aug. 19, 1999); 735 ILCS 5/5-105(b)(1) (West 2020) ("If the court finds that the applicant is an indigent person, the court *shall* grant the applicant a full fees, costs, and charges waiver ***." (Emphasis added.)). The *Atkins* court analyzed, in detail, the effect this amendment had, noting that, with the replacement of "the phrase 'may, in its discretion,' with the word 'shall' in section 5-105 of the Code, the legislature removed the trial court's broad discretion to grant or deny an

application to sue or defend as a poor person." 2021 IL App (3d) 190456, ¶ 16 (citing *People v. Richardson*, 104 Ill. 2d 8, 16 (1984)). As the "word 'shall' generally imposes a mandatory obligation on trial courts," it is clear that "a trial court no longer has discretion to deny an application to sue or defend as a poor person but is required to grant the application if the court determines the applicant is indigent." *Id.* (citing *People v. Garstecki*, 234 Ill. 2d 430, 443 (2009)).

¶ 15       Since the circuit court must consider the precise criteria delineated in section 5-105(a)(2) of the Code in its determination of an applicant's indigency, it is the reviewing court's job to determine if the circuit court's judgment that plaintiff did not qualify for a fee waiver was against the manifest weight of the evidence. See *id.* ¶ 17 ("A trial court's determination of whether statutory criteria have been satisfied will be reversed only if it is against the manifest weight of the evidence."). A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented. *People v. Sanchez*, 2021 IL App (3d) 170410, ¶ 25 (citing *People v. Deleon*, 227 Ill. 2d 322, 332 (2008)); *In re Marriage of Yabush*, 2021 IL App (1st) 201136, ¶ 28.

¶ 16       In the present case, the circuit court denied plaintiff's application for waiver of court fees—not because the court utilized the applicable statutory criteria (735 ILCS 5/5-105(a)(2) (West 2018)) and found plaintiff did not qualify but rather because it determined that the "applicant fail[ed] to state a claim on which relief may be granted." Plaintiff plainly fit the criteria of an "indigent person" pursuant to section 5-105(a)(2)(ii) because he was incarcerated with no earned income, his total personal income was 125% or less of the current poverty level as established by the U.S. Department of Health and Human Services, and he had no assets such that he could pay the fees, costs, or charges. *Id.* §5-105(a)(2)(ii); *Atkins*, 2021 IL App (3d) 190456, ¶ 23. The circuit court erred when it denied plaintiff's application based upon the substance of his attached

complaint. While the circuit court appropriately entered an order stating its specific reason for denial, the court's stated reason is not an appropriate criterion under which to deny an application to waive court fees pursuant to section 5-105 of the Code. See 735 ILCS 5/5-105(a)(2) (West 2018). If sufficiency of a complaint is used as the basis for denying the approval of a fee waiver, an indigent litigant would be held to a different, higher standard, thus defeating the purpose behind fee waivers. See *In re Marriage of Main*, 2020 IL App (2d) 200131, ¶ 39 (holding that "the purpose of these sources of law is to ensure that indigent litigants are able to proceed on the same footing as those with greater financial resources in asserting, defending, and enforcing their rights").

¶ 17    Furthermore—despite a lack of change in plaintiff's circumstances—the circuit court granted plaintiff's second application for waiver of court fees, as it pertained to the present appeal. The court explicitly found that plaintiff's personal income was 125% or less of the current poverty level as established by the United States Department of Health and Human Services, such that he was unable to pay fees, costs, or charges associated with his appeal. This is a clear indicator that the circuit court agreed that plaintiff met the criteria for approval of an application for waiver of court fees. Accordingly, the trial court was required to grant plaintiff's initial application. See 735 ILCS 5/5-105(b) (West 2018); *Atkins*, 2021 IL App (3d) 190456, ¶ 23.

¶ 18    Therefore, as the trial court failed to grant the application and subsequently dismissed plaintiff's action based on his inability to pay fees and costs, we reverse the order denying the application for waiver of court fees, vacate the order dismissing plaintiff's complaint, and remand. On remand, we direct the circuit court to grant plaintiff's application for waiver of court fees and conduct further proceedings consistent with this decision. Nothing in this order shall be construed to limit the circuit court's authority to substantively dismiss plaintiff's complaint at a later stage.

¶ 19                                III. CONCLUSION

¶ 20        For the foregoing reasons, we reverse the order denying the application for waiver of court

fees, vacate the order dismissing plaintiff's complaint, and remand the cause, with directions.

¶ 21        Reversed in part, vacated in part, and remanded with directions.

**No. 1-20-0083**

| | |
|---|---|
| **Cite as:** | *Battle v. Chicago Police Department*, 2022 IL App (1st) 200083 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 19-L-12671; the Hon. James P. Flannery Jr., Judge, presiding. |
| **Attorneys for Appellant:** | Jovan Battle, of Chicago, appellant *pro se*. |
| **Attorneys for Appellee:** | No brief filed for appellee. |