2025 IL App (1st) 232209-U

SECOND DIVISION
June 24, 2025

No. 1-23-2209

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| DANIEL J. KELLEY and ROBERT J. KACYNSKI, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILFREDO CANDELARIO, EVANSTON POST NO. 42, AMERICAN LEGION, an Illinois Not for Profit Corporation, and BRETT J. HALLONGREN, | ) ) ) | Appeal from the Circuit Court of |
| | ) | Cook County |
| Defendants. | ) | |
| ----------------------------------------------------------------------- | ) | |
| SONS OF THE AMERICAN LEGION SQUARDRON 42, | ) ) | 21 CH 3054 |
| | ) | |
| Intervening Plaintiff-Appellee, | ) | |
| | ) | Honorable |
| v. | ) | Anna M. Loftus, |
| | ) | Judge Presiding |
| DANIEL J. KELLEY, ROBERT J. KACYNSKI, ROBERT LABAHN, SONS OF THE AMERICAN LEGION – SQUADRON 42, INC., and THE ILLINOIS SECRETARY OF STATE, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| (Daniel J. Kelley, Robert J. Kacynski, and Robert Labahn, Defendants-Appellants) | ) ) | |

_____

JUSTICE ELLIS delivered the judgment of the court.
Justices McBride and Howse concurred in the judgment.

**ORDER**

¶ 1     *Held*: Affirmed. Appellants have not presented sufficient argument for this court to adequately review the circuit court's decision.

¶ 2     This appeal arises from the circuit court's declaratory judgment that invalidated a resolution purporting to dissolve a not-for-profit corporation. The court ruled that, pursuant to the corporation's bylaws, the meeting at which the resolution was adopted required a quorum of three directors, and only two were present.

¶ 3     There is significant background to the case, which involved a suit and countersuit, only the latter of which is before us on appeal. Given our resolution, it would add nothing to our discussion to labor through this messy and contentious backstory. We will stick to the essentials.

¶ 4     The American Legion (Legion) is a national organization dedicated to veterans' support and advocacy. Membership in the Legion is limited to veterans. The Sons of the American Legion (Sons) is an organization within the Legion that allows the male children of veterans to participate in the organization. (Legion has a different organization for daughters.)

¶ 5     Legion and Sons are administered through a series of subdivisions down to local chapters—known as "posts" for Legion and "squadrons" for Sons. This case involves a messy dispute within Sons of the American Legion Squadron 42 (Squadron 42) and Legion Post No. 42 (Post 42), both located in Evanston.

¶ 6     The commander of Squadron 42 was Daniel Kelley. The vice-commander was Robert Kacynski. To assist in its operation and charitable mission, in 2018, Kelley, Kacynski and others created "Sons of the American Legion–Squadron 42, Inc.," an Illinois not-for-profit corporation, which we will shorthand as the "NFP" moving forward. Kelley and Kacynski were likewise two of the three members of the NFP's board of directors.

¶ 7    The original lawsuit—which, again, is not before us—arose after the commander of Post 42 fired Kelley as commander of Squadron 42 and threatened to remove all Squadron 42 officers, including Kacynski. In short, Kelley and Kacynski sued to prevent their firings. (Their terms later expired; the original suit was dismissed as moot.)

¶ 8    While that lawsuit was pending, on September 18, 2021, a meeting of the NFP's board of directors was called and a resolution was adopted—call it the "September 18 resolution," which is the subject of this appeal. Only two of the three directors, Kelley and Kacynski, attended the meeting. (The meeting minutes noted that the third director was severely ill and could not attend.) In the September 18 resolution, Kelley and Kacynski voted to dissolve the NFP, close the corporate bank account, repay loans Kelley had made to the corporation, and turn over all remaining funds to Squadron 42's finance officer, Labahn. Articles of dissolution were filed with the Secretary of State on September 24.

¶ 9    Learning of this dissolution, in November 2021, Squadron 42 petitioned to intervene and filed an intervening complaint against Kelley, Kacynski, and Labahn. For ease, we will refer to these three individuals, all appellants here, as the "Kelley defendants." This intervening complaint primarily sought to void the September 18 resolution dissolving the NFP. Squadron 42 claimed that Kelley and Kacynski lacked the authority to dissolve the corporation pursuant to either statute or the NFP's bylaws. Squadron 42 ultimately moved for a "summary declaratory judgment" to invalidate the September 18 resolution.

¶ 10    Squadron 42 argued that (1) under the NFP's by-laws, *three* directors were required for a quorum, and thus the September 18 resolution, which occurred in a meeting with only two directors present, was void; and (2) bylaws aside, the September 18 resolution violated the General Not For Profit Corporation Act of 1986. See 805 ILCS 105/101.01 *et seq.* (West 2020).

¶ 11    In response, the Kelley defendants argued that the three-director quorum requirement was part of an "unrevised original draft of the Bylaws." They contended that "[t]he latest revision of the Bylaws reduced the quorum to a majority of directors which is two." But they did not include any affidavits or other documents to substantiate the claim that the bylaws had been revised, a point Squadron 42 raised in its reply.

¶ 12    After briefing, the circuit court scheduled the matter for hearing on July 20, 2023. But the court allowed the Kelley defendants to amend their answer. In that amended answer, they denied the enforceability of the three-director quorum requirement because "the bylaws had not been formally adopted or ratified."

¶ 13    The court did not hold a hearing on the motion for summary judgment until November 16, 2023. We do not have a transcript of the hearing, but the record on appeal contains a bystander's report approved by the trial judge. More importantly, the court entered a detailed written order with her findings, for which we are grateful.

¶ 14    The court rejected the Kelley defendants' argument that the bylaws were never formally adopted because, elsewhere in their response to Squadron 42's motion for summary judgment, the Kelley defendants "admit[ted] the existence of the Corporate By-Laws." The court continued:

> "In addition to having admitted the existence of the By-Laws in question, [the Kelley defendants] do not contest the existence of the Corporate By-Laws with any competent affidavits filed pursuant to Illinois Supreme Court Rule 191(a) and did not submit any sworn or certified copies of all documents upon which an affiant relies in now challenging the By-Laws, as required by Rule 191(a). Defendant Daniel Kelley's arguments to the Court concerning the By-Laws not having been formally adopted are

insufficient to create a genuine issue of material fact as to the existence of the filed By-Laws and the three-director quorum requirement."

¶ 15    Thus, with the court finding that the bylaws were valid and contained a three-director quorum requirement, it obviously followed that the two-director decision to dissolve the company was invalid and void. The court entered judgment on this count in favor of Squadron 42 and entered a finding pursuant to Illinois Supreme Court Rule 304(a). The Kelley defendants timely appealed.

¶ 16    The Kelley defendants' argument on appeal is that "[n]o proof whatsoever was presented to demonstrate that [the NFP] had ever adopted or approved its own set of bylaws. In fact, all of the affidavits and testimony presented in the earlier stages of the case, which was not rebutted, indicated that the corporation never approved its own by laws."

¶ 17    There are several problems with this argument. The first is that what we have quoted above is, in essence, their entire argument in the brief. Their "Argument" section is less than two pages, essentially a narrative that contains not a single citation to the record and not one citation to case law. As the appellants, they were required to direct our attention to the relevant portions of a voluminous record and to provide us case law supporting their argument for reversal. See Ill. S. Ct. R. 341(h)(6), (h)(7) (eff. Oct. 1, 2020). This failure is grounds, alone, for us to dismiss this appeal. *Battle v. Chicago Police Department*, 2022 IL App (1st) 200083, ¶ 9.

¶ 18    And their argument, such as it is, entirely misses the court's point that the Kelley defendants *admitted the existence of the bylaws* in their response to Squadron 42's motion for summary judgment (and elsewhere, earlier in the litigation). The Kelley defendants do not refute that conclusion or even address it in their opening brief.

¶ 19    Our review of the record confirms that the Kelley defendants repeatedly recognized the validity of the bylaws throughout this litigation, beginning with the initial lawsuit, when Kelley and Kacynski were trying to prevent Squadron 42 from firing them. As Squadron 42 points out on appeal, during the pendency of the initial litigation, front and center, Kelley and Kacynski relied on "Article VII of the [NFP] Bylaws" to argue one of their points, and they continued to rely on the bylaws during the pendency of that original action.

¶ 20    More specifically still, as the circuit court noted in its judgment order, the Kelley defendants relied on the bylaws in their response to the motion for summary judgment itself, including with the very first sentence, when they argued that a legal quorum existed when voting on the September 18 resolution because, "[p]ursuant to the Corporate Bylaws, the composition of the Board of Directors was to be a minimum of three directors ***." They later relied on and quoted from "Article II of the Corporate Bylaws" in arguing that control of the NFP was vested exclusively in the board of directors.

¶ 21    It would appear that, without using the verbiage, the circuit court found that the Kelley defendants had judicially admitted the existence of the bylaws. "A judicial admission is a deliberate, clear, unequivocal statement by a party concerning a concrete fact within that party's knowledge." *Pepper Construction Company v. Palmolive Tower Condominiums, LLC*, 2021 IL App (1st) 200753, ¶ 110. Once an admission has been made, a party cannot contradict it in a motion for summary judgment or at trial. *Id.*

¶ 22    Squadron 42 raises the related doctrine of judicial estoppel, an equitable doctrine that prevents a party from taking one position, benefiting from it, and then taking an inconsistent position later to obtain a favorable judgment. See *Davis v. Pace Suburban Bus Division of the Regional Transportation Authority*, 2021 IL App (1st) 200519, ¶ 27.

¶ 23    We need not choose which of these doctrines applies, because the salient point is that the Kelley defendants do not address the issue at all, even though it was the sole basis for the circuit court's ruling. The court would hear none of the Kelley defendants' naked assertions that the bylaws were never formally adopted because the Kelley defendants repeatedly admitted their validity and enforceability. Yet on appeal, the Kelley defendants ignore this point completely.

¶ 24    For what it's worth, even if we put all that aside—though we do not—and even if the Kelley defendants were correct that "affidavits and testimony presented in the earlier stages of the case" supported their position, it was incumbent on them to provide the circuit court with this evidence in opposition to summary judgment, not expect the court to "remember" something from earlier in the case or take it upon herself independently to scour the record for evidence that helps them. When the movant provides admissible evidence in support of summary judgment, the non-movant may not simply stand on its pleadings or issue bald assertions; the non-movant must present counter-evidentiary material to create a genuine issue of material fact. *Enbridge Pipeline (Illinois), LLC v. Temple*, 2017 IL App (4th) 150346, ¶ 83; *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 49.

¶ 25    As the Kelley defendants have provided us no reason to overturn the circuit court's judgment, we affirm the judgment below.

¶ 26    Affirmed.