NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230482-U

NO. 4-23-0482

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 30, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| ADRIAN PETERS, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| THE WINNEBAGO COUNTY SHERIFF'S | ) | No. 22LM48 |
| DEPARTMENT, GARY CARUANA, BOB | ) | |
| REDMOND, LIEUTENANT DAN BOYD, CAPTAIN | ) | |
| ROB LUKOWSKI, and LIEUTENANT ANTHONY | ) | Honorable |
| PONTE, | ) | Lisa R. Fabiano, |
|     Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Presiding Justice Cavanagh and Justice Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed, concluding the trial court did not err as a matter of law when it dismissed plaintiff's complaint.

¶ 2    In December 2022, plaintiff, Adrian Peters, filed a *pro se* complaint against defendants, the Winnebago County Sheriff's Office, Gary Caruana, Bob Redmond, Lieutenant Dan Boyd, Captain Rob Lukowski, and Lieutenant Anthony Ponte, alleging they violated his rights under the Mental Health and Developmental Disabilities Confidentiality Act (Act) (740 ILCS 110/1 *et seq.* (West 2022)). Defendants filed a combined motion to dismiss, which the trial court granted. Plaintiff appeals, arguing the court erred as a matter of law when it dismissed his complaint. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        In December 2022, plaintiff filed a *pro se* complaint against defendants seeking declaratory relief and an injunction. Plaintiff was being held in the Winnebago County jail and alleged defendants violated his rights under the Act by opening, reading, and potentially copying his sealed outgoing mail to his therapist. Plaintiff filed a grievance with defendants and argued the Act provided for confidential communication with his therapist. Defendants denied plaintiff relief on the basis that mail to his therapist was not privileged. Plaintiff argued in his complaint, *inter alia*, the purpose of the mail was for mental health treatment and/or therapy, the mail was protected by therapist-recipient confidentiality, and defendants' interference with the mail hindered his ability to receive treatment, which caused him undue stress.

¶ 5        Defendants filed a combined motion to dismiss pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2022)). As to section 2-619(a)(9) of the Code (*id.* § 2-619(a)(9)), defendants argued communications between a jail detainee and a therapist are not privileged under the County Jail Standards (20 Ill. Admin. Code 701.180 (2014)) and they were authorized to read and inspect the subject mail. Under section 2-615 of the Code (735 ILCS 5/2-615 (West 2022)), defendants argued plaintiff failed to state a claim because the Act only applies to therapists or agencies providing mental health services, and even if it did apply to them, no violation occurred as they did not disclose plaintiff's records or communications. In response, plaintiff asserted the Act superseded the County Jail Standards. Plaintiff also argued defendants were subject to the Act, regardless of whether they were the ones providing mental health treatment, and a violation occurred when defendants required plaintiff to disclose his therapist communications.

¶ 6        In May 2023, the trial court held a hearing and found (1) the County Jail Standards provided plaintiff's communications with his therapist were not exempt from defendants'

inspection and (2) the Act only prevents therapists from disclosing mental health records and communications. Thus, the court dismissed plaintiff's complaint pursuant to section 2-619.1 of the Code.

¶ 7         This appeal followed.

¶ 8                                    II. ANALYSIS

¶ 9         On appeal, plaintiff argues the trial court erred when it held county jails were exempt from the Act. Defendants maintain therapist communications are not exempt from inspection under the County Jail Standards and plaintiff failed to state a claim because defendants did not provide mental health services or disclose plaintiff's therapist communications.

¶ 10        At the outset, we note defendants argue plaintiff's appellate brief should be stricken and the appeal should be dismissed for plaintiff's failure to comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020). Specifically, plaintiff's brief is missing a table of contents, an introductory paragraph, a statement of the issues presented for review, a statement of jurisdiction, text from the statutes involved, a statement of facts, a conclusion, and an appendix. Ill. S. Ct. R. 341(h)(1), (2), (3), (4), (5), (6), (9) (eff. Oct. 1, 2020). Plaintiff's brief only contains an argument section, which further fails to comply with Rule 341(h) as it contains no citations to the pages of the record relied on. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). In plaintiff's reply brief, he asks this court for leniency because he is not a lawyer.

¶ 11        A party proceeding *pro se* is presumed to have full knowledge of applicable court rules and procedures. *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 528 (2001). Therefore, *pro se* litigants must comply with the rules and are held to the same standards as licensed attorneys. *Zemater v. Village of Waterman*, 2020 IL App (2d) 190013, ¶ 19. The rules governing appellate briefs are mandatory and not mere suggestions. *State ex rel. Fox v. Thornley*, 2023 IL App (4th)

220622, ¶ 71. Failure to follow these rules may result in forfeiture of an issue raised on appeal, and if numerous violations impede our review, we may strike the appellant's brief and dismiss the appeal. *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 18. We recognize striking a brief, in whole or in part, is a harsh sanction and should be reserved for the most egregious noncompliance with the rules that hinders our appellate review. *Battle v. Chicago Police Department*, 2022 IL App (1st) 200083, ¶ 9. However, "the rules are an admonishment to the parties and not a limitation upon the jurisdiction of this court." (Internal quotation marks omitted.) *Id*. Despite deficiencies in an appellant's brief, "where the record is short and the issues are simple, the appellate court may choose to address the issues." (Internal quotation marks omitted.) *Vance v. Joyner*, 2019 IL App (4th) 190136, ¶ 80. We decline to strike plaintiff's brief and proceed to the merits.

¶ 12        Here, the trial court granted defendants' motion to dismiss pursuant to section 2-619.1 of the Code. A motion under section 2-619.1 allows a party "to combine a section 2-615 motion to dismiss based upon a plaintiff's substantially insufficient pleadings with a section 2-619 motion to dismiss based upon certain defects or defenses." *Edelman, Combs & Latturner v. Hinshaw & Culbertson*, 338 Ill. App. 3d 156, 164 (2003). We would typically address the section 2-615 motion first, because if a plaintiff failed to plead a legally sufficient cause of action, we need not consider a defendant's assertion of a defect or defense. *Johannesen v. Eddins*, 2011 IL App (2d) 110108, ¶ 29. However, a combined motion to dismiss presents at least two independent reasons to dismiss a complaint and either reason alone is sufficient to support a court's order of dismissal. We address the section 2-619 motion first, as it was the primary basis for defendants' combined motion.

¶ 13    A motion brought under section 2-619(a)(9) contends "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2022). Under this section, a defendant admits the legal sufficiency of a plaintiff's cause of action but asserts an affirmative matter bars or defeats the plaintiff's claim. *Smith v. Waukegan Park District*, 231 Ill. 2d 111, 120-21 (2008). We review a trial court's dismissal under section 2-619 *de novo* and consider whether dismissal was proper as a matter of law. *Pinkston v. City of Chicago*, 2023 IL 128575, ¶ 22. Here, defendants claimed, assuming they violated the Act, they were authorized by the County Jail Standards to inspect and potentially copy plaintiff's mail to his therapist.

¶ 14    The County Jail Standards provide mail procedures for outgoing nonprivileged mail and outgoing privileged mail. 20 Ill. Adm. Code 701.180(c)(5), (e) (2014). Outgoing nonprivileged mail must be submitted unsealed and may be inspected, read, or reproduced or withheld from delivery if it presents a threat to security or safety. 20 Ill. Adm. Code 701.180(c)(5) (2014). In contrast, outgoing privileged mail may be sealed by the detainee prior to submission for mailing. 20 Ill. Adm. Code 701.180(e) (2014). The County Jail Standards provide a list of persons or organizations to which detainees may send privileged mail, which includes various governmental officials, legal organizations providing direct legal representation, and registered attorneys. 20 Ill. Adm. Code 701.180(e)(1)-(8) (2014). The parties agree plaintiff's outgoing mail to his therapist is not classified as privileged mail under this statute. Therefore, defendants established their defense under section 2-619(a)(9) as the County Jail Standards permitted them to read and inspect plaintiff's nonprivileged mail. The burden shifted to plaintiff to establish defendants' defense was unfounded. See *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 377 (2003). Plaintiff argues

defendants' reliance on the County Jail Standards was unfounded because they are superseded by the Act.

¶ 15    The Act provides all records and communications created in the course of mental health treatment shall be confidential and shall not be disclosed. 740 ILCS 110/3(a) (West 2022). Our supreme court explained the Act provides a recipient of mental health treatment with a statutory privilege to refuse to disclose and to prevent the disclosure of confidential information. *Doe v. Burke Wise Morrissey & Kaveny, LLC*, 2023 IL 129097, ¶ 24. The Act provides various circumstances when these records and communications may be disclosed, and plaintiff argues these exceptions do not permit disclosure to jail personnel. See 740 ILCS 110/4-12.2 (West 2022).

¶ 16    The issue plaintiff presents, whether the Act supersedes the County Jail Standards, would require this court to reconcile the statutes on our accord. The aforementioned inadequacies of plaintiff's appellate brief are compounded by his failure to further develop his position on this issue or cite any authority in support thereof. "[A] reviewing court is not simply a depository into which a party may dump the burden of argument and research." *People ex rel. Illinois Department of Labor v. E.R.H. Enterprises*, 2013 IL 115106, ¶ 56; see *Vancura v. Katris*, 238 Ill. 2d 352, 370 (2010) (holding an issue merely listed or included in a vague allegation of error is insufficient to warrant review). Moreover, we find it inappropriate to address this claim, as it would require us to speculate as to the arguments plaintiff might have presented and transform this court's role from a jurist to an advocate. *Jackson v. Board of Election Commissioners of City of Chicago*, 2012 IL 111928, ¶ 34.

¶ 17    Plaintiff attempts to rectify the shortcomings of his opening brief by providing additional argument in his reply brief. However, "[p]oints not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." Ill. S. Ct. R. 341(h)(7) (eff.

Oct. 1, 2020). Forfeiture aside, plaintiff's untimely argument does not assist this court in reconciling the supposed conflict between statutes. First, plaintiff cites *Stuckey v. Renaissance at Midway*, 2015 IL App (1st) 143111, which involved a resident of a long-term care facility who brought a negligence suit against the facility based on allegations he was physically assaulted by his roommate. *Id.* ¶ 4. Plaintiff moved to compel discovery of facility records protected under the Act. *Id.* ¶ 8. The First District found disclosure was not warranted where no argument was made that an exception within the Act applied. *Id.* ¶ 30. Here, plaintiff argues his case warrants the same result; however, he still fails to resolve this contention with the County Jail Standards. Plaintiff also relies on *Norskog v. Pfiel*, 197 Ill. 2d 60, 72 (2001), to establish "[a]ll 50 states, the District of Columbia and the federal courts recognize a psychiatrist-patient privilege, either by statute or common law."

¶ 18        Neither *Stuckey* nor *Norskog* assist this court in reconciling the conflict plaintiff presents. We emphasize plaintiff cites no authority providing one statute supersedes the other (e.g., 735 ILCS 5/8-802 (West 2022) (providing the statutory physician-patient privilege yields to the Act in the event a conflict arises between the statutes)), no analogous cases resolving conflicting statutes, or any other authority providing how to resolve this purported conflict of law. As such, even assuming, *arguendo*, plaintiff stated a cause of action to defeat defendants' section 2-615 motion to dismiss, plaintiff failed to overcome his burden to demonstrate defendants' reliance on the County Jail Standards was unfounded as to their section 2-619(a)(9) motion to dismiss. See *Van Meter*, 207 Ill. 2d at 377. Accordingly, the trial court did not err as a matter of law when it granted defendants' motion and dismissed the complaint.

¶ 19                                III. CONCLUSION

¶ 20        For the reasons stated, we affirm the trial court's judgment.

- 7 -

¶ 21        Affirmed.